## WEAVER *v.* STATE OF INDIANA.

[No. 30,195. Filed September 26, 1963.]

*John Thomas Weaver, pro se.*

PER CURIAM.—Petitioner, John Thomas Weaver, has sent to the Clerk of this Court an original and copies of a document entitled "Praecipe for Transcript." Petitioner was convicted of rape on a female child, of the age of 5-1/2 years, in the Madison Circuit Court. He appealed to this court and his conviction was affirmed. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485.

In the "Praecipe for Transcript," it is contended that petitioner is an indigent person and is contemplating further legal action in an effort to gain relief from his sentence. He requests that the Clerk be ordered to furnish petitioner with a transcript of the trial court proceedings in his case at no cost to him.

A transcript is a copy of the record of the trial court and all proceedings which took place therein, and may include a bill of exceptions in proper form and properly certified. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, ch. 46, §2331, p. 115. It is used in all cases subject to appeal and review by appellate tribunals and reviewing courts. In cases involving indigent prisoners, such as the petitioner herein alleges, it is provided that the Public Defender may order on behalf of any prisoner he represents a transcript of any court proceeding at the expense of the state. Burns' Ind. Stat., 1956 Replacement, §13-1405. Such order must not be made frivolously, or without proceedings having been commenced for an appeal or review, because of the fact that these transcripts are paid for by public funds and at times may be quite expensive.

In *Willoughby* v. *State* (1961), 242 Ind. 183, 196, 167 N. E. 2d 881, 177 N. E. 2d 465, 471, this court said as follows:

"We are keenly aware that equal protection must be given to all citizens by our courts in so far as this is possible. However, it is not contemplated that every convicted criminal without means be furnished at public expense with a transcript of his trial, as a personal memento to him of his latest escapage against society, nor is it contemplated that such a record be provided for the entertainment of the convicted criminal and his fellow inmates merely because the statute [§4-3511, *supra*] provides that he is entitled to such a record. The legislature, by this enactment, did not contemplate that the state should be required to expend public funds for appeals which are obviously frivolous and therefore futile. Neither is it reasonable to contend that this court should be required to give its time and consideration to the formality of such spurious appeals, which, under a different ruling, could be required in every pauper case. The expense of such a record can be justified only on the ground that it be made available for the purpose of an appeal from a conviction, in which there is some probable cause for reversal."

Consequently, we can only order that the petitioner's document entitled "Praecipe for Transcript" be stricken from the records of this court.

In the instant case, petitioner has been provided with a full transcript of the proceedings of his trial which was used in the appeal of his conviction. It is now on file with the Clerk of this Court and may be removed upon proper application and for good cause.

The document entitled "Praecipe for Transcript" ordered stricken from the files of this court.

NOTE.—Reported in 192 N. E. 2d 634.