STATE *v.* PORTER CO. DRAINAGE BOARD ET AL.

[No. 271S45. Filed June 22, 1972.]

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, *Bingham, Summers, Welsh & Spilman,* of counsel, of Indianapolis, for appellant.

*Donald L. Jackson, Jonathan L. Birge, David O. Tittle,* attorneys amicus curiae, for Indiana Div. Izaak Walton League of America.

*Herbert K. Douglas, Douglas, Douglas & Douglas,* of counsel, of Valparaiso, for appellees.

DEBRULER, J.—This case involves a question of procedural regularity in the establishment of a new legal drain in Porter County, Indiana. The Porter County Drainage Board is empowered by the Indiana Drainage Code, I.C. 1971, 19-4-1-1 through 19-4-10-5, being Burns §§ 27-2001 through 27-2705, to establish legal drains in their county and to allocate the necessary assessments against the affected landowners. The Indiana Drainage Code carefully delineates the power of the county drainage board to insure fairness to the landowners involved by prescribing specific and detailed procedures which must be followed in each case.

In the case before us, the Porter County Drainage Board, pursuant to its statutory duties, established a new legal drain in the county and prepared a schedule of assessments to be paid by each landowner benefited by the drain. The State of Indiana opposed this action, and appealed this determination to the Porter Superior Court which upheld the Board. This appeal followed. The State's main interest in this case involves the effect of the proposed drain on the Indiana Dunes State Park. The State presented evidence at a special hearing to the effect that the proposed drain would (1) result in a high concentration of pollution and run-off reaching the beach in a short time, and (2) lower the water table in the park thereby endangering unusual vegetation and upsetting the ecological balance of the area. We have before us in this case, in addition to the opposing parties' briefs, an amicus curiae brief filed by the Izaak Walton League of America, Inc., arguing with the State that the trial court erred in affirming the Board's action in this matter.

The appellant in this case argues for a reversal of the trial court on essentially two grounds: (1) That the Board did not comply with the proper procedures mandated by the Indiana Drainage Code, and (2) that the trial court erred in finding that the Board's action was not arbitrary, capricious, unlawful or was not supported by substantial evidence under I.C. 1971, 19-4-8-5, being Burns § 27-2505. We agree with the appellant in this case and therefore reverse the trial court.

Apparently, a petition was filed as early as 1952 under the old drainage statute, petitioning the Porter Circuit Court to establish the ditch in question as a legal drain. However, it appears that no action was taken on this petition until 1969, when the petition was turned over to the county drainage board, which had been established pursuant to a 1965 statute, Burns § 27-2001 through § 27-2705, *supra*. One of the appellant's arguments concerns the failure of the Board to comply with the detailed procedure set out in the 1965 Drainage Code after they took over the control of the proceeding from the Porter Circuit Court. The appellees respond to this contention in the following manner:

"The State sets out in its brief the statute to be followed in establishing and constructing a new legal drain under the 1965 drainage code. . . . But the petition had already been filed under the old law and much of the preliminary work done. The drainage board took the proceedings at the point where the Porter Circuit Court left off. If new petitions are required to comply with the 1965 drainage code, then assumption of jurisdiction from circuit court in pending ditch cases is pointless and a lot of work previously done would be wasted. There is no statute or case law to guide a drainage board in this situation, and we submit that a reasonable discretion could be exercised to accomplish the job that such a board is charged by law to do.

"In the instant case, the board had jurisdiction of the parties and the drainage proceeding. An assessment roll and reconstruction report was thereafter filed. The reason for reconstruction rather than construction was the erroneous assumption that the ditch had been declared a legal drain by the Circuit Court. When this error was discovered, the board had the following courses open to it. It could

abandon the whole project and start over, or declare the Markowitz Ditch a legal drain and then proceed with reconstruction. The latter course was chosen as the most practical."

The Board appears to be arguing that they did substantially comply with the procedural requirements necessary to protect the interest of the affected landowners even though they may not have technically complied with the statutory requirements under the 1965 Drainage Code. Their argument is that such compliance would be a senseless duplication of effort since much of the necessary preliminary work including the filing of the initial petition, had already been accomplished before the Board took over the case. We are simply unable to comment on the efficacy of this argument on the present state of the record, since there was nothing before either the trial court or this Court on which to base a decision concerning the extent of procedural compliance in this case.

Upon notification of an appeal in this case the Board filed with the Porter Superior Court a copy of the minutes from their meeting on this issue. These minutes are completely inconclusive on the question of whether or not the proper procedure was complied with, as well as the question of whether or not there was any evidence to support the findings of the Board. The minutes include neither the original petition, the reports on which the Board relied, nor the written findings of fact required to be made by the Board. Indiana Code 1971, 19-4-2-15, being Burns § 27-2115. The Court has a statutory duty to determine whether or not the Board's determination was "arbitrary, capricious, unlawful, or not supported by substantial evidence. . . ." Burns § 27-2505 (b), and none of these determinations are possible without examining the evidence relied upon and the Board's findings based on that evidence. The minutes of the Board meetings were merely conclusory statements concerning the procedure followed and what decisions were made, and are clearly inadequate as a basis for judicial review.

The Board, however, argues that the filing of the minutes was all that was required of them. Indiana Code 1971, 19-4-8-3, being Burns § 27-2503, indicates that:

"The board shall within twenty days after receipt of notice that any person has filed a petition for review, prepare a certified copy of the transcript of the proceedings before the board and file the same with the clerk of the court."

The Board argues that "the transcript of the proceedings before the board" encompasses nothing more than the minutes of the Board's meetings, and that any other evidence in support of the Board's decision must be obtained by the appellant through a writ of certiorari. We find no merit in this argument. Judicial review of the Board's determination is a matter of right, and when a petition for review is filed in the proper court the above statute requires that the Board furnish to that court a complete record of the proceeding before the Board as well as all pertinent documents pertaining thereto so that the court can discharge its function of properly reviewing the determination by the Board. *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337. The minutes of the Board are not adequate for this purpose. See *Weaver* v. *State* (1963), 244 Ind. 314, 192 N. E. 2d 634; *Jones* v. *State ex rel. Indiana Livestock Sanitary Board* (1960), 240 Ind. 230, 163 N. E. 2d 605; A.P. Rule 7.2(3). In addition, the Board is required to present to the reviewing court all written findings which the Board is statutorily required to make, for example, those under Burns § 27-2115, *supra*. No such written findings were ever made in this case, as far as we can ascertain from this record, and this failure alone would result in a reversal of the trial court's decision. *Carlton* v. *Board of Zoning Appeals, supra*.

The establishment of a legal drain carries with it a tax assessment levied against the affected property owners. Such a procedure is and must be surrounded by proper procedural safeguards. From the initial filing of the petition to establish a legal drain, through the intermediate

reports and determinations to the final written findings of fact, the Board must be able to demonstrate compliance with the statutory requirements as set out in the Indiana Drainage Code. The Board failed to demonstrate compliance in this case and the trial court could not, on the record before it, make the required findings that the Board acted within its proper scope.

The judgment of the trial court is reversed. The trial court is ordered to remand this case to the Board with the following instructions: (1) Set aside your determination establishing this legal drain, or (2) forward to the trial court a certified transcript of the proceedings as outlined in this opinion along with the necessary written findings of fact required of the Board by the statute.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 78.