CARLTON ET AL. *v.* BOARD OF ZONING APPEALS OF INDIANAPOLIS ET AL.

[No. 369S58. Filed April 8, 1968. Rehearing denied May 23, 1968. Transfer granted March 19, 1969.]

*Robert A. Claycombe, William D. Ruckelshaus,* of Indianapolis, for appellant.

*Charles G. Castor, John P. Korbly,* of Indianapolis, for appellee.

DeBRULER, C. J.—This case originated when the Appellees petitioned the Board of Zoning Appeals of Indianapolis for a variance of use in order to construct an apartment building on the property owned by the Appellees. The Board granted the variance over the objection of the Appellants. The Appellants obtained review by Writ of Certiorari in the Superior Court of Marion County, which court found the Board decision legal and affirmed the Board's granting of the variance. The Superior Court made findings of fact and conclusions of law which were reviewed by the Appellate Court and affirmed in 142 Ind. App. 463, 13 Ind. Dec. 679, 235 N. E. 2d 503. The Appellants' petition for transfer to this Court is granted and the Appellate Court opinion is vacated.

The Appellants allege that the trial court decision was in error because the Board did not comply with certain statutory requirements and that the decision exceeded the authority of the Board to grant variances.

When the Board granted the variance of use to the Appellees, Burns' Ind. Stat. Ann. § 53-969 controlled such grants and read in part as follows:

"The city and county board of zoning appeals and the metropolitan board of zoning appeals are hereby authorized to grant height, bulk, area and use variances in the manner hereinafter set forth. Both city or county board of zoning appeals and the metropolitan board of zoning appeals may grant petitions for variance in their entirety or in part only and upon such conditions as they may deem proper

but *only* if such city or county board of zoning appeals or metropolitan board of zoning appeals, as the case may be, *shall make the following determinations in writing, together with* in the case of variances of use *detailed written findings of face* [fact] sufficient to support such determinations:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be adversely affected.

"3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

"5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan. . . ." (Emphasis added.)

The minutes of the Board contained in the transcript show that the Board of Zoning Appeals made the following finding:

"Affidavit of publication and the serving of notice having been filed and made a part of the case and the board being duly advised in the matter finds:

(a) The grant will not be injurious to the public health, safety, morals and the general welfare of the community;

(b) The use or value of the area adjacent to the property involved will not be adversely affected;

(c) The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone;

(d) The strict compliance with the terms of the ordinance will constitute an unusual and unnecessary hard-

ship if applied to the property for which a variance is sought."

Thus, the record shows a finding by the entire Board of Zoning Appeals which contains only four of the five required determinations, the fifth determination concerning the metropolitan comprehensive plan being omitted. In spite of this the trial court entered this special finding of fact:

"12. The defendant board of zoning appeals of the City of Indianapolis, by and through its members voting in favor of the petition for variance, consisting of a majority of the said board, *did make a determination in writing that the grant of a variance did not interfere with the metropolitan comprehensive plan* since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan." (Emphasis added.)

The trial court was clearly in error in making this special finding.

The Appellees urge that we rely on three forms contained in the record which were apparently used for some purpose by the individual members of the Board. We set these forms out in full:

## "INDIANAPOLIS BOARD OF ZONING APPEALS

### VARIANCE NO. 614-64

### FINDING OF FACTS

### ON

### *PETITION FOR VARIANCE OF ZONING ORDINANCE*

Yes 1. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because ————

Yes 2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because ————

■■■■■■■■■■■■■■■■■■

Yes 3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because ———————

Yes 4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because ———————

Yes 5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because ———————

Signature S/ C. Fleetwood

## "INDIANAPOLIS BOARD OF ZONING APPEALS

### VARIANCE NO. 614-64

### FINDING OF FACTS

### ON

### *PETITION FOR VARIANCE OF ZONING ORDINANCE*

Y  1. The grant of the variance will not be injurious to the public health, safety, morals, and general welfare of the community because ———————

Y  2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because ———————

Y  3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because ———————

Y  4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because ———————

5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved

shall be considered to be a part of such metropolitan comprehensive plan because ————

Signature S/ J. Earl Owens

"INDIANAPOLIS BOARD OF ZONING APPEALS

VARIANCE NO. 614-64

FINDING OF FACTS

ON

*PETITION FOR VARIANCE OF ZONING ORDINANCE*

Yes 1. The grant of the variance will not be injurious to the public health, safety, morals and general welfare of the community because ————

Yes 2. The use or value of the area adjacent to the property included in the variance will not be adversely affected because ————

Yes 3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zoning district because ————

Yes 4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought because ————

Yes 5. The grant of the variance does not interfere with the metropolitan comprehensive plan since no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan because ————

Signature S/ John F. Sullivan"

The Appellees argue that these three forms show that a majority of the Board made all five of the required written determinations and, therefore, did comply with the statute. However, even if we were to look to these individual forms, rather than to the finding of the entire Board, we do not believe that they clearly indicate that a majority of the Board

voted "yes" as to the presence of determination No. 5. On Mr. Owens' sheet there is a "y" next to each determination *except* No. 5. Assuming the "y" indicates a "yes" vote on the determination next to it, there is no "y" marked next to determination No. 5. We cannot infer how Mr. Owens voted on No. 5 in the absence of some indication of that vote. Mr. Owens' vote on No. 5 was critical since without him there were only two of the five Board members voting "yes" on No. 5 and the absence of an indication of his vote cannot be a mere "irregularity". Appellees contend that Mr. Owens' signature on the bottom of one form indicates he voted "yes" on all five determinations. We do not think that from the signature alone it can be inferred how the signor intended to vote on No. 5. The signature could have been intended merely to identify the author of the vote on determinations one through four. From the record we cannot say what significance these forms had for the individual members nor for the entire Board because we are not advised of the internal operating procedure of the Board. That is why we rely on the finding of the entire Board set out in the minutes of the Board rather than these forms which have a significance unknown to us.

The trial court also made special finding of fact No. 6 as follows:

> "6. That the defendant, City of Indianapolis Board of Zoning Appeals, by and through its members voting in favor of the petition for variance, constituting a majority of such board, did make *written findings of fact legally sufficient* to justify its decision to grant such variance." (Emphasis added.)

We disagree with that finding of the trial court. Burns' § 53-969 required that *together with* the five required determinations the Board was to make written findings of fact sufficient to *support* those determinations. The minutes containing the four determinations of the entire Board contain no such findings to support those determinations. So even

if the Board had made the five required determinations they did not make the required written findings of fact.

The Appellees urge that we consider the forms set out above as the required findings of fact of the Board. Obviously those forms contain nearly verbatim repetitions of the statutory determinations which were required to have been made by the Board. According to the statute the required determinations were not themselves the detailed written findings of fact, but the latter were to be *in addition to* and *in support of* the required determinations. Those forms cannot function as *both* the determinations *and* the supporting written findings of fact. That they were not intended to so function is seen from the fact that the forms were designed to have the supporting findings of fact inserted in the blank after the word "because."

The Appellees call attention to the fact that in 1965, after the Board decision, Burns' § 53-969 was drastically altered, reducing the section from seventy lines to eighteen and the complete section now reads as follows:

"The divisions of the metropolitan board of zoning appeals, the [in] accordance with the territorial jurisdiction of such divisions as established by section 68 of the act, are hereby authorized to grant such variance from the applicable zoning ordinance upon determination in writing that:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this act."

The five written determinations required by the pre-1965 statute were retained in almost identical language but many other provisions were deleted, including the requirement of detailed written findings of fact to support the five determinations. This does not mean that the Board may grant a variance merely by making the five statutory requirements in the words of the statute itself. For reasons which exist independently of the statute, the Board is required to set out findings of fact which support those determinations. The major reason for this is to make possible an adequate judicial review of the administrative decision. In *Kosciusko County REMC v. The Public Service Commission* (1948), 225 Ind. 666, 77 N. E. 2d 572, on review of an order of the Commission, this Court said, "These facts should be found specially and not generally. The findings must be specific enough to enable the Court to review intelligently the Commission's decision." 225 Ind. at 674. In the case of *Wabash Valley Coach Co. v. Arrow Coach Lines, Inc.* (1950), 228 Ind. 609, 94 N. E. 2d 753, we said:

"The finding that a certificate of public convenience and necessity should be granted is simply a conclusion from all the evidence without any special finding of fact upon which the conclusion can be reached. The Public Service Commission should find the ultimate facts specifically and not generally. The finding of fact must be specific enough to enable the court to review intelligently the Commission's decision. *Kosciusko County, etc. v. Public Service Comm., supra.*"

Also see *Public Service Commission v. Fort Wayne Union Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719; *Indianapolis and Southern Motor Express, Inc. v. Public Service Commission* (1953), 232 Ind. 377, 112 N. E. 2d 864. Although these cases deal with orders of the Public Service Commission

the principle applies to any case of judicial review of administrative decisions. In *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, we said:

> "Strictly speaking, there is no such thing as an appeal from administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review; and that they must be so to meet the requirements of due process. Such review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers; that substantial evidence supports the factual conclusions; and that its determination comports with the law applicable to the facts found. (p. 105)
>
> "In the final analysis, the finding of an administrative agency will not be disturbed when it is subjected to the scrutiny of judicial review, upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantial factual foundation. This may be determined from a re-examination of the evidence upon which the administrative agency acted, or by the original reviewing court hearing evidence, depending upon the legislative scheme under which the agency operates." (p. 118)

Under Burns' §§ 53-974 through 53-979, a Board of Zoning Appeals' decision on a petition for a variance is subject to judicial review, first in the superior or circuit court in the county in which the board is located, and that court's decision is in turn reviewable in the Appellate Court under Burns' § 53-980. Those statutes state that the review is in order to determine whether or not the board's decision is "legal". The board will not be reversed unless there is a clear showing of abuse of discretion, or a lack of substantial evidence to support the decision, or the board has made an error of law. *Nelson v. Board of Zoning Appeals of Indianapolis* (1959), 240 Ind. 212, 162 N. E. 2d 449; *Marion County Board of Zoning Appeals v. Sheffer & Clark, Inc.* (1966), 139 Ind. App. 451, 220 N. E. 2d 543; *Devon Civic League, et al. v. Marion County Board of Zoning Appeals* (1967), 140 Ind. App. 519, 224 N. E. 2d 66; *Kessler-*

*Allisonville Civic League v. Marion County Board of Zoning Appeals* (1965), 137 Ind. App. 610, 209 N. E. 2d 43. However, the court cannot determine if there was an abuse of discretion or lack of substantial evidence unless the basis of the decision is set out in writing. So under Indiana law, apart from Burns' § 53-969, in order for such judicial review to be done adequately the Board of Zoning Appeals has to set out written findings of fact in support of each of its five statutory determinations.

There are other equally important reasons for requiring those findings of fact and these are concisely stated by Davis, ADMIN. LAW, § 162:

> "The practical reasons for requiring administrative findings are impressive. Both legislatures and courts have seen fit to impose the requirement the court sometimes interpreting or purporting to interpret statutory provisions and sometimes creating common law. The reasons have to do with facilitating judical review, avoiding of judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their case for rehearing and judicial review, and keeping agencies within their jurisdiction."

Appellants' third argument is in effect an allegation that there was no substantial evidence to support the Board's decision to grant this variance. We cannot decide this issue because we held above that the Board has not complied with the formal legal requirements for granting a variance. Therefore, we cannot properly review the Board's decision on the merits.

Judgment reversed and the trial court is hereby ordered to render a finding and judgment vacating the decision herein involved of the Board of Zoning Appeals of Indianapolis and is ordered to remand this cause to said Board for further action not inconsistent with this opinion.

All judges concur.

NOTE.—Reported in 245 N. E. 2d 337.