INDIANA STREAM POLLUTION CONTROL BOARD *v.* UNITED STATES STEEL CORPORATION.

[No. 871S220. Filed July 24, 1974.]

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellant.

*Hackbert, Rooks, Pitts, Fullagar and Poust*, of Chicago, Illinois, *McHie, Enslen and Moran*, of Hammond, for appellee.

PRENTICE, J.—This is an appeal from the order of the Lake Superior Court, Room 5 reversing an order of the Indiana Stream Pollution Control Board (Respondent and Appellant) against United States Steel Corporation (Petitioner and Appellee). It is pending upon the appellee's motion to dismiss and upon the merits, the motion to dismiss having heretofore been taken under advisement.

## MOTION TO DISMISS DENIED

The case was determined on May 10, 1971 by an order of the trial court setting aside the order of the Board and remanding the cause to the Board for further proceedings. On May 19th, the Board gave notice of its intention to appeal, such notice having been given in accordance with the provisions of the Administrative Adjudication and Court Review Act, then Burns § 63-3019, the same now being IC 4-22-1-19, and followed on June 15, 1971 with a praecipe for a transcript of the entire record. Several extensions of time for filing the record were granted to the appellant by this Court, and it was ultimately filed on December 29, 1971. It included a motion to correct errors filed June 9, 1971 and the trial court's ruling thereon entered September 28, 1971.

It is the appellee's position that the appellant's notice of appeal was a nullity, and we agree in view of *Indiana State*

*Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E. 2d 448 and *Indiana State Personnel Board* v. *Diggs* (1971), 257 Ind. 156, 272 N.E.2d 868. We do not agree however, that the appellant's failure to file a second praecipe for the record following the filing of and the ruling upon its motion to correct errors deprives this Court of jurisdiction. Appellate Rule 2(A) as amended November 30, 1972, requires that such praecipe be filed within thirty (30) days after the ruling upon the motion to correct errors. However, such time limitation was not in effect at the time of the remand order, the notice of appeal or the first motion to this Court for an extension of time within which to file the transcript. The notice of appeal and the motion for an extension of time were adequate for the purpose of notifying the appellee that an appeal would be taken. Had the transcript of the record been completed and certified prior to the ruling upon the motion to correct errors and the same consequently omitted therefrom, we would have an entirely different question, but such is not the case. We perceive no problem either to the appellee or to this Court by reason of the unorthodox sequence of events. Accordingly, the appellee's motion to dismiss is now overruled.

### APPEAL ON MERITS

The appellee owns and operates an integrated steel manufacturing facility along the banks of the Grand Calumet River and the shoreline of Lake Michigan, at Gary, Indiana. In the process of manufacturing steel, it uses great quantities of water from Lake Michigan. After use, such water is returned in part to Lake Michigan and in part to the river.

The appellant is an administrative board created by statute and charged with the responsibility of controlling and preventing the pollution of waters of this state with deleterious substances. Burns Ind. Stat. Code Ed. 13-1-3-1 et seq. (formerly Burns § 68-517 et seq.) Incidental to its duties and responsibilities, the Board is empowered and required to

hold hearings to determine issues of fact relevant to its orders. With respect to such hearings, the Board is subject to the provisions of the Administrative Adjudication Act. Burns Ind. Stat. Code Ed. 4-22-1-1 et seq. (formerly Burns § 63-3001 et seq.).

In 1967, the Board promulgated regulations prescribing water quality standards for the waters of said lake and river and for the Indiana Harbor Canal, and in April of 1970, it decided to conduct a hearing to determine if U.S. Steel was discharging excessive quantities of impurities into the aforesaid river and lake and accordingly gave U.S. Steel notice of such hearing. The hearing was conducted by a single hearing member of the Board on May 26, 1970. Evidence was presented by both the Board and by U.S. Steel, following which the hearing member filed recommended findings of fact and a suggested order with the Board. Thereafter, U.S. Steel filed objections to such findings and order, and on November 17, 1970 the Board heard arguments thereon, rejected the objections and adopted said findings and issued said order, as follows:

*"FINDINGS OF FACT*

"1. That the Stream Pollution Control Board is an agency of the State of Indiana duly empowered to hold administrative hearings to determine whether or not stream pollution exists and to enter an order requiring the taking of such action as is indicated by the circumstances to cause the abatement of such condition.

"2. That the Stream Pollution Control Board has jurisdiction over both the subject matter and the parties to this action.

"3. That the Hearing Member was duly appointed according to law to conduct such hearings.

"4. That pursuant to the provisions of Chapter 365, Acts of 1947, and Chapter 214, Acts of 1943, due notice of an administrative hearing was served upon:

E. B. Speer, President
U.S. Steel Corporation
525 William Penn Place
Pittsburgh, Pennsylvania

Mr. Benjamin L. Rawlins
Secretary and Assistant General Counsel
U.S. Steel Corporation
71 Broadway
New York, New York

Mr. J. David Carr
General Superintendent
U.S. Steel Corporation
Gary Works
1 Broadway
Gary, Indiana

"5. That the U.S. Steel Corporation, Gary Steel Works, Gary, Indiana, has engaged in and is now engaging in acts of stream pollution.

"6. That U.S. Steel Corporation, Gary Steel Works, Gary, Indiana, has discharged wastewaters into the waters of the State of Indiana, to wit: the Grand Calumet River and Lake Michigan, so as to adversely affect said waters, and in violation of the Indiana Stream Pollution Control Law and the Board's regulations SPC 6, 7 and 8.

"7. That the waste treatment and control facilities that U.S. Steel Corporation, Gary Steel Works, has on sewers, 1, 2, 2-A, 3, 3-A, 4, 5, 6, 7-A, 14, 17, L-2 and L-6 are not adequate.

"8. That in ordering the installation of proper facilities for the abatement of the pollution set out in the above findings, the Stream Pollution Control Board must give consideration to the time required to design, construct, and install such facilities and the Stream Pollution Control Board now finds that a reasonable time for accomplishing the above described matters is as follows:

1. Employ an engineer by October 1, 1970.

2. Submit preliminary plans by February, 1, 1971.

3. Initiate final plans by April 1, 1971.

4. Submit final plans by July 1, 1971.

5. Arrange financing by August 1, 1971.

6. Initiate construction by September 1, 1971.

7. Complete construction and place in operation by December 31, 1972."

Upon judicial review of the Board's final order, the Lake Superior Court set aside the final order of the Board and

remanded the cause to the Board for further proceedings. The findings and order of the Superior Court are as follows:

"This matter coming on for hearing on the UNITED STATES STEEL CORPORATION'S Petition for Judicial Review of the final order of the Indiana Stream Pollution Control Board in Cause No. B-82, dated December 1, 1970, filed pursuant to the Administrative Adjudication and Court Review Act, Burns' Ind. Stat. §§ 63-3001 to 63-3030 inclusive, and the court having examined the transcript of pleadings, evidence, motions, requests and papers filed herein by the parties, and having heard the arguments of counsel, finds that:

"1. The Respondent, Indiana Stream Pollution Control Board, substantially complied with the notice requirements of the aforesaid Act, § 63-3006, by sending registered, returned receipt letters containing sufficiently specific notification of the hearing and its purpose to the requisite parties.

"2. The record of the administrative proceedings below lacks substantial, probative evidence to support the order of Respondent, and this Court is unable from an examination of the Findings alone to ascertain whether the order is sustained by the Findings, in that:

(a)  It cannot be determined from the Findings what standards are to be achieved by the facilities contemplated by the plans referred to in Respondent's Finding 8.

(b)  In view of the absence of such design standards, this court is unable to determine whether the proposed time schedule for plans and construction is reasonable, as required by Burns' Ind. Stat. § 68-525.

(c)  The findings are not stated with sufficient specificity to enable this court to review them intelligently.

"3. Respondent acted arbitrarily, capriciously, and abused its discretion in refusing to permit Petitioner to introduce additional evidence, which conduct on the part of Respondent violates Burns' Ind. Stat. §§ 63-3004 and 63-3025.

"4. The record fails to reveal that the petitioner was given adequate opportunity for a settlement of the controversy in same 63-3004 and 63-3025.

"IT IS HEREBY ORDERED that:

"1. The decision and determination by the Respondent, Indiana Stream Pollution Control Board, dated December 1, 1970, in Cause No. B-82 be set aside and the cause is remanded to the Respondent for further proceedings.

"2. On remand both the petitioner and the Respondent shall be afforded full opportunity to present additional evidence as required by law.

"3. Respondent shall afford Petitioner opportunity for the settlement or adjustment of all claims, controversies and issues as contemplated by Burns' Sec. 63-3004, 63-3025."

Upon the issue of whether or not the order is supported by the evidence, the controlling statute is as follows:

"63-3010.   Findings of facts.—All issues of fact shall be considered and determined upon the record required to be made in conformity with this act [§§ 63-3001—63-3030], except as herein otherwise provided as to newly discovered evidence. *Said agency shall make an informal finding of facts which shall encompass the relevant facts shown by the evidence.* Said finding of facts may be made by direct statement or by reference to the particular charges made in the complaint before such agency. A reference to the particular charges in the complaint shall be sufficient as a finding of facts." (Emphasis added). Burns Ind. Stat. Code Ed. 4-22-1-10 (formerly Burns § 63-3010).

In commenting upon this section in *Department of Financial Institutions* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248, we stated:

"The appellants urge that this section is not applicable to hearings before the Department. With this we do not agree. *State ex rel. Calumet National Bank* v. *McCord* (1962), 243 Ind. 626, 189 N.E.2d 583 supports us in this holding. We see no reason why the Department should be exempt from making special findings of fact when it makes an order after a hearing. The reasons are as compelling in this case as in any other case where an administrative decision is to be reviewed.

"The reasons for requiring these special findings of fact have been stated as follows:

'The reasons have to do with facilitating judicial review, avoiding of judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their case for rehearing and judicial review, and keeping agencies within their jurisdiction.' Davis, Admin. Law, § 162.

"In *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337 this Court reviewed the necessity

of findings of fact to support administrative determinations and held that the reasons requiring such findings exists independently of any statute. We do not feel it necessary to burden this opinion with further citations on this point. The authorities are amply reviewed in Carlton v. Board of Zoning Appeals, supra.

"The failure of the Department of Financial Institutions to make a special finding to support its decision in this case does not necessarily invalidate its order or proceedings. It is a technical defect in the procedure which, in our opinion, the Department should have an opportunity to remedy."

It is clear that the findings of fact are insufficient. The order rests primarily upon findings 5, 6 and 7 which are not findings at all but mere conclusions without findings of fact to support them. The Board's contention that only "informal" findings of fact is required contravenes this Court's reasoning in both *Department of Financial Institutions* v. *State Bank of Lizton, supra,* and *Carlton* v. *Board of Zoning Appeals, supra.*

Further, the order is unsupported by the record. The Board has confined itself to arguing the sufficiency of the findings and has cited us to no evidence in the record to counter the reviewing court's determination that the order is unsupported by substantial probative evidence. We have not searched the record to determine if it contains sufficient evidence, as we are not required to do so. We note, however, that with respect to the alleged pollution of the Grand Calumet River, it appears that four water sampling stations were set up in the river. However, some of the testimony of violations relates only to effluent discharged into U.S. Steel's outfalls emptying into the river. The issue is the condition of the water in the river and not merely the substances that may be present in the outfalls. Evidence of prohibited substances in the outfalls would lend credibility to a conclusion that the same substances, if found at the sampling stations in the river, were being discharged by U.S. Steel. However, without evidence of the water condition in the river, there could be no con-

clusion that the effluents discharged by U.S. Steel were viola- tive of the regulations.

We also note testimony that floating oil and suspended solids were visible in the U.S. Steel outfalls and in the river at sampling stations. However, the regulations are concerned with the amounts of such substances in the river and what is required is that the river be "substantially" free of them— not entirely so. What constitutes a violation of the regula- tion, in this instance, seems to be a matter of degree. We have been directed to no testimony indicating that the river was not "substantially" free of the undesirable substances observed.

Neither have we been directed to evidence in the record from which any determination could be made as to the reasonableness of the time schedule provided by the final order of the Board, and we do not agree that such schedule is not a final order subject to judicial review. *Downing* v. *Board of Zoning Appeals of Whitley County* (1971), 149 Ind. App. 687, 274 N.E.2d 542.

We do not agree with the Lake Superior Court that these statutes require that the record reflect that the Board initiated measures to settle or adjust the controversy. Burns Ind. Stat. Code Ed. 4-22-1-4 (formerly Burns § 63- 3004) and Burns Ind. Stat. Code Ed. 4-22-1-25 (formerly Burns § 63-3025). However, since the cause is being remanded to the Board for further proceedings, the Board must again afford U.S. Steel the right and opportunity for settlement, if U.S. Steel indicates a desire for such opportunity. It must be acknowledged that the inclusion in the record of an affirmative offer to negotiate, made by the agency, would be the preferred means of insuring that the question could not later be raised by a respondent. The statute, however, provides only that the agency shall afford interested parties the right and opportunity for settlement, etc., "* * * when such persons or parties desire such opportunity." This section of the statute requires the agency to negotiate in good faith

with an interested party who has himself taken the initiative and has proceeded in good faith to effect a settlement or adjustment.

The judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported at 313 N.E.2d 693.