BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA, AND MERRITT O. ALCORN, WILLIAM N. HORST, MALCOLM O. SCAMAHORN, RICHARD W. WOOLERY AS MEMBERS OF SAID BOARD *v.* RAYMOND E. STIDD, D.P.M.

[No. 2-875A205. Filed June 28, 1978. Rehearing denied April 17, 1979. Transfer denied July 23, 1979.]

*Theodore L. Sendak*, Attorney General of Indiana, *John R. O'Bryan*, Deputy Attorney General, for appellant.

*Ronald S. Lieber*, of Indianapolis, for appellee.

WHITE, J. — Dr. Raymond E. Stidd (Stidd), a podiatrist, filed in the court below his petition for judicial review (pursuant to the Administrative Adjudication and Judicial Review Act of 1947, as amended, being Chapter 4-22-1 of the Indiana Code of 1971) of a decision of the Board of Medical Registration and Examination of Indiana (board)[1] suspending Stidd's license to practice podiatry for a period of six months. Stidd also requested a stay of the suspension pending review, which was granted.

After reviewing the transcript of the proceedings before the board the court rendered the following decision:

### "SPECIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

### FINDING OF FACT

"Comes now French Elrod, Judge Pro Tem of the Circuit Court of Marion County, and having read the transcript of evidence presented to the Board of Medical Registration and Examination of Indiana in the case of Raymond E. Stidd, D.P.M. License Number 280-B and having heard argument and being further duly advised in the premises now makes the following finding of fact:

"1. That on August 16, 1973 Raymond Stidd, D.P.M. was charged by the Board of Medical Registration and Examination of Indiana with being guilty of gross immorality in two counts. Count 1 being charging for surgical procedures which he did not perform, theft by deception, and Count 2, using a general anesthesia, nitrous oxide oxygen.[2]

---

1. Presently known as the Medical Licensing Board of Indiana by virtue of Acts 1975, P.L. 271, §4. See note to § 25-22.5-8-4, Burns 1977 Supp. This opinion will refer to the board by the name given it by the statutes in effect at the time of its own administrative hearing and the judicial review of that hearing.

2. Count 2 was dismissed at the conclusion of the State's case-in-chief. The board found Stidd ". . . to be guilty of Count #1 charged in this case."

"2. That testimony was received by the Board of Medical Registration and Examination of Indiana on January 8, 1974 and on May 28, 1974 and on May 29, 1974 the said Board of Medical Registration and Examination of Indiana made the following order.

'IT IS, THEREFORE, ORDERED AND DECREED by the Board of Medical Registration and Examination of Indiana, the license to practice podiatry in the State of Indiana heretofore issued by said Board to Defendant is hereby ordered suspended. The Secretary of said Board of Medical Registration and Examination of Indiana is hereby directed to enter this Order on the record at once and to deliver at once by Certified Mail, Return Receipt Requested, to the Defendant at his address of record with this Board a copy of the revocation order.'

"3. Throughout the hearing, irrelevant and immaterial evidence and evidence without probative value which constituted hearsay was admitted into the record.

"4. At the close of the State's case against the Petitioner no evidence of probative value existed on the record to show that the Petitioner had been paid for services which he did not perform. There is no evidence of probative value in the record either in the State's case in chief, the Defendant's case-in-chief, or the State's rebuttal to show that the Petitioner was paid for services which were not performed.

## "CONCLUSIONS OF LAW

"1. The decision of the Board of Medical Registration and Examination of Indiana is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law for the following reasons:

a) The evidence in the record is not of such substantial reliable and probative value as to support the decision of the Board.

b) The Motion to Dismiss the charges made by the Petitioner at the conclusion of the State's evidence should have been sustained.

"2. The Board made no findings of fact as required in IC 4-22-1-10 being Burns 63-3010.

## "ORDER

"IT IS THEREFORE ORDERED, ADJUDGED AND

DECREED by the Court that the decision and determination of the Board of Medical Registration and Examination of Indiana suspending the license to practice podiatry in the State of Indiana is hereby set aside."

The board's motion to correct errors (which was overruled) and its appellants' brief assert reviewing court error (1) in granting the stay; (2) in considering evidence outside the record; (3) in that the decision is contrary to the evidence and the law; and (4) if the court was correct in finding reversible board error, in not remanding the case to the board.

## I.

The board's contention that the reviewing court was without authority to stay the suspension of Stidd's license is based on its interpretation of Ind. Code § 4-22-1-17 which is a section of Administrative Adjudication and Judicial Review Act of 1947 and on Ind. Code § 25-22-1-4, a part of the Medical Practice Act. The first statute reads in part:

"§ 4-22-1-17.  Where a petition for judicial review is filed as provided in this act [4-22-1-1 — 4-22-1-30] in a matter other than an assessment or determination of tax due or claimed to be due the state, *and where the law concerning the agency whose order or determination is being reviewed does not preclude a stay of such order by the court,* the person seeking such review may seek such action by filing a verified petition for an order of court staying the action of the agency pending decision by the court . . .

"Where the determination of the agency is a revocation or suspension of a license *and the law governing the agency permits a staying of the action of the agency by court order pending judicial review,* any stay so ordered shall be effective during the period of reveiw and any appeal therefrom and until finally determined, unless otherwise ordered by the court in which such review or appeal therefrom is pending. If the stay is granted as herein provided and the determination of the agency approved on final determination, the revocation or suspension of the license shall then immediately become effective." (Emphasis added.)

Ind. Ann. Stat. § 25-22-1-4 (Burns Code Ed., 1974), in effect at the time of the judicial review of this cause but since repealed by Acts of 1975, P.L. 271, does indeed provide that "During the pendency of such appeal, the accused shall not be entitled to practice by virtue of such license." However, that statute was part of the

Medical Practice Act, originally adopted in 1897, and applies to licenses issued and suspended under that Act, i.e., for "the practice of medicine, surgery or obstetrics." Whether the practice of podiatry was at any time subject to that Act is not a question we need decide[3] since the practice of podiatry has been separately regulated ever since the enactment of Acts of 1925, Chapter 8, now Chap. 25-29-1 of the Indiana Code.

Chapter 8 of the Acts of 1925 is described by its title, in part, as "An act regulating the practice of podiatry. . . ." It creates a five member board of podiatry examiners to examine qualified applicants and issue licenses to those who pass such examination. That board, however, cannot suspend, revoke, or refuse to renew the licenses it issues. By section six of the act (IC § 25-29-1-6) that power is given to the board of medical registration and examination. When this case was judicially reviewed[4] that section read:

> "The state board of medical registration and examination may, after due hearing, refuse to grant, suspend, revoke or refuse to renew any license provided for in this act [25-29-1-1 — 25-29-1-9] to any person, otherwise qualified, who obtained said license by fraudulent presentation [representation], or for incompetency in practice or for use of untruthful or improbable statements to patients or in his advertisements or for habitual intoxication or for unprofessional and immoral conduct, or for selling or giving away alcohol or drugs for any other than legitimate purposes, but said board may reissue a license after a lapse of six [6] months. Any person aggrieved by any action of such board as provided in this section may appeal from such action to the circuit or superior court of the county of which he is a resident, at any time within thirty [30] days after the entry of the order of such board, by executing a bond in the sum of three hundred dollars [$300], to be approved

---

3. The definition of practice of medicine in the Medical Practice Act of 1897, §8, reads: "To open an office for such purpose or to announce to the public in any way a readiness to practice medicine in any county of the State, or to prescribe for, or to give surgical assistance to those suffering from disease, injury or deformity, shall be to engage in the practice of medicine." An amendment by Acts 1901, Ch. 211, § 3, p. 481, considerably expanded that definition so that thereafter, if not before, the practice of podiatry could easily have been considered the practice of medicine and thus prohibited for anyone not licensed to practice medicine.

4. It was amended in 1977 to permit license probation not exceeding sixty days, an amendment not pertinent here.

by the clerk of the circuit court, conditioned to pay all costs of the suit should the matter be determined against him." [Acts 1925, ch. 8, §6, p. 15.]

The state board of medical registration and examination has the power to suspend both physicians' and podiatrists' licenses, but the above statute contains nothing to suggest any legislative intent to apply to an "appeal" from the suspension or revocation of a podiatrists's license the same provisions and restrictions which the Medical Practice Act imposes upon "appeals" from suspensions and revocations of physicians' licenses. And the above statute is the only part of the Podiatry Act which mentions court review. The conclusion is inescapable that the Podiatry Act does not preclude a stay by the court pending judicial review. We believe this also satisfies the provisions in the second paragraph of § 4-22-1-17 (quoted above) of the Administrative Adjudication and Judicial Review Act in that it impliedly "permits a staying of the action of the agency by court order pending judicial review". We see no error in the stay of the suspension pending judicial review.

## II.

The board contends that in contravention of the provisions of the Administrative Adjudication and Judicial Review Act, IC § 4-22-1-18, the reviewing court considered evidence outside the record made before the board. ("On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act.") Unfortunately the board's written argument fails to substantiate that contention. However, Dr. Stidd's brief in this court (to which no reply brief was filed by the board) does make a denial-of-equal-protection-of-the-law argument which does go outside the record in asserting that "[i]n the conduct of hearing for the revocation of professional licenses, podiatrists receive different treatment under the law than physicians, and thus they are not receiving equal protection". That assertion is not supported by anything except innuendo derived from the statutory composition of the board: five physicians, one osteopath, and one chiropractor, the innuendo being that complaints against physicians are heard by their peers while podiatrists are unjustly denied like treatment. We

cannot assume that such an unsupported assertion had any prejudicial effect on the reviewing court.

## III.

In paragraph 4 of its "Findings of Fact", *supra,* the court made the conclusionary statement that ". . . no evidence of probative value existed . . . to show that [Stidd] had been paid for services which he did not perform." The board's brief in this court summarizes, and the transcript of the hearing before the board reflects, testimony of several witnesses to the effect that Stidd submitted itemized bills for services assertedly performed on patients that, in the opinion of certain expert witnesses, were never performed. As one example, a particular document was identified and introduced into evidence as Stidd's descriptive report of the operation he had performed on one Donald Hohnstreiter, a report that had been submitted to Hohnstreiter's employer along with a claim for professional fees for the services described. The report included amputation of portions of the bones in several toes. An orthopedic surgeon whose qualifications were stipulated testified that he had examined and x-rayed Hohnstreiter's feet and that in his opinion the x-rays showed that the amputations described had not been performed. When presenting his defense Stidd testified that the amputations were of spurs or enlargements of the bones and the desired goal, in fact, was to make the toes appear normal when x-rayed. There was similar evidence concerning other patients.

There was obviously a conflict in the evidence and reasonable people could differ on the issue, but to conclude, as did the court, that there is no evidence of probative value that Stidd was paid for services not rendered one would have to totally disregard the testimony of several witnesses. One is tempted to believe that the trial court weighed the evidence to reach that conclusion.

As the Indiana Supreme Court said in *Board of Medical Registration and Examination v. Armington* (1961), 242 Ind. 436, 442, 178 N.E.2d 744:

"The courts of this state, upon review of an administrative board's action, are not permitted to weigh the evidence and reach a result which satisfies them as to the weight thereof. Neither are we on appeal permitted to do so."

The reviewing court's "finding" numbered "4" is not supported by the record. The same is true of the reviewing court's conclusion of law numbered 1(a): "The evidence of record is not of such substantial reliable and probative value as to support the decision of the Board." It logically follows that the court was in error in its conclusion 1(b): "The motion to dismiss the charges made by the petitioner at the conclusion of the State's evidence should have been sustained."

### IV.

The reviewing court's "conclusions of law" numbered 2 is true: "The Board made no finding of fact as required in IC 4-22-1-10 being [then] Burns 63-3010." The board merely found Stidd ". . . to be guilty of Count #1 charged in this case."

The board contends that the last sentence of § 4-22-1-10 ("A reference to the particular charges in the complaint shall be sufficient as a finding of facts") renders its findings sufficient since they do recite the substance of the charges against Dr. Stidd. In *Indiana Stream Pollution Control Board v. United States Steel Corporation* (1974), 262 Ind. 199, 206, 313 N.E.2d 693, 698, the court rejected substantially that same argument saying: "The Board's contention that only 'informal' findings of fact is required contravenes this Court's reasoning in both *Department of Financial Institutions v. State Bank of Lizton, supra* [(1969), 253 Ind. 172, 252 N.E.2d 248], and *Carlton v. Board of Zoning Appeals, supra* [(1969), 252 Ind. 56, 245 N.E.2d 337]." In the *State Bank of Lizton* case, the court:

"In *Carlton v. Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337 this Court reviewed the necessity of findings of fact to support administrative determinations and held that *the reasons requiring such findings exists independently of any statute.* We do not feel it necessary to burden this opinion with further citations on this point. The authorities are amply reviewed in *Carlton v. Board of Zoning Appeals, supra.* [Our emphasis.]

"The failure of the Department of Financial Institutions to make a special finding to support its decision in this case does not necessarily invalidate its order or proceedings. It is a technical defect in the procedure which, in our opinion, the Department should have an opportunity to remedy.

"The judgment of the trial court is therefore reversed, with directions that it remand the case to the Department of Financial Institutions, with directions to make a special finding of fact and for further proceedings thereafter not inconsistent with this opinion."

The judgment is reversed and the case is remanded to the reviewing court with direction to remand it to the Medical Licensing Board of Indiana, successor to the Board of Medical Registration and Examination of Indiana, with direction to the board to find the facts specially[5] and to render an appropriate decision thereon, not inconsistent with the views expressed herein.

Hoffman, J., participating by designation, concurs.

Sullivan, J., concurs in result.

NOTE — Reported at 377 N.E.2d 896.

---

5.   In finding the facts the board should be cognizant of the specificity requirements of this court as set forth in *Rivera v. Simmons Co.* (1973), 157 Ind. App. 10, 298 N.E.2d 477.