John T. SHETTLE, Superintendent, Indiana State Police Department, Appellant (Respondent Below)

v.

James F. SHEARER, Appellee (Petitioner Below)

No. 3–381A82.

Court of Appeals of Indiana, Third District.

Sept. 28, 1981.

Linley E. Pearson, Atty. Gen., Charles N. Braun, II, Deputy Atty. Gen., Indianapolis, for appellant.

Harold W. Myers, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

John T. Shettle, Superintendent of the Indiana State Police Department appeals the trial court's order directing him to issue an unlimited handgun license to James F. Shearer. Consideration of three issues is necessary for the resolution of this case:

(1) whether the trial court erred in finding that Shettle wrongfully denied Shearer's application;

(2) whether the trial court erred in finding that Shearer met the requirements of IC 1971, 35–23–4.1–5(a) (Burns 1979 Repl.); and

(3) whether the trial court erred in ordering Shettle to issue the license.

The Fort Wayne Police Department recommended that Shearer's application for an unlimited handgun license be denied. Shearer requested a hearing before the Indiana State Police Department. The only issue contested at the hearing was whether Shearer had a proper reason for requesting the license. Shettle issued findings and conclusions in which he denied Shearer's application because the evidence disclosed that Shearer did not have a proper reason to be licensed. Shearer thereafter filed a verified petition for review of the denial.

The trial court reviewed the transcript of the prior hearing and entered findings and conclusions. The trial court found that Shettle wrongfully denied the application and that Shearer had met the requirements of IC 1971, 35–23–4.1–5(a). Shettle was ordered by the trial court to issue Shearer an unlimited license to carry a handgun.

Shettle's first two assignments of error concern the trial court's findings that Shearer met the requirements of IC 1971, 35–23–4.1–5(a) and that Shettle wrongfully denied the application. The statute provides in part:

"... If it appears to the superintendent that the applicant has a proper reason for carrying a handgun and is of good character and reputation and a proper person to be so licensed, he shall issue to the applicant either a qualified or an unlimited license to carry any handgun or handguns lawfully possessed by the applicant...."

The only question in issue at the hearing was whether Shearer had a proper reason for carrying a handgun. Shearer's asserted reason for carrying a handgun was a medical condition in which any assault upon his person could cause anything ranging from a brief period of incapacitation to death.[1] In

---

1. Shearer's application for the license has not been included in the record of proceedings. Shearer's reasons for applying for the license must therefore be determined from his testimony at the hearing.

support of his testimony, Shearer presented a letter from his physician.

In *Schubert v. DeBard* (1980) Ind.App., 398 N.E.2d 1339, the question of what is a proper reason for carrying a handgun was decided by this Court. *Schubert* held that under Art. 1, § 32 of the Indiana Constitution[2] self-defense was a proper reason within IC 1971, 35–23–4.1–5(a). Furthermore, *Schubert* determined that absent some evidence to refute self-defense as a reason, the superintendent could not deny an applicant a license on the basis of the superintendent's subjective evaluation of the asserted reason.

Shettle argues that Shearer did not properly assert self-defense as his reason for requesting a handgun license. At the hearing Shearer stated that due to phlebitis in his left leg, any assault upon him could result in his death. Additionally, when asked if there were any reasons other than medical, Shearer answered, "It is my feeling that such licensing would allow me to protect myself." It is clear that self-defense was the motive for the application and that the normal need for self-defense was heightened by Shearer's medical problems.

■ Shearer testified that he had not been a victim of a violent crime, nor had he been threatened. Additionally, Shearer said that his employment does not require him to be in contact with "undesirable people." These factors however, are not sufficient to justify the denial of Shearer's application. *See, Schubert v. DeBard, supra,* n. 5 at 1341. Shearer's unrefuted testimony regarding his medical problems and his desire for self-defense are proper reasons for acquiring a handgun license. Absent other justifications for denial, the application should have been granted by Shettle.

Shettle contends that the trial court erred in ordering him to issue the license. According to Shettle, the proper procedure would have been a remand to the Superintendent of the Indiana State Police for a rehearing and redetermination.

■ Although Shettle's decision to deny the application was clearly contrary to law, the trial court erred in ordering him to issue the license. A trial court cannot substitute its judgment for that of an administrative agency. The only relief a trial court may grant when an administrative agency's decision is contrary to law is to vacate the decision and remand the matter to the agency for a further determination. *State ex rel. State, etc. v. Marion Superior* (1979) Ind., 392 N.E.2d 1161. *See also, State ex rel. Publ. Serv. Comm. v. Johnson Cir. Ct.* (1953), 232 Ind. 501, 112 N.E.2d 429. The decision of the trial court is therefore reversed and vacated, and this matter is remanded to the Superintendent of the Indiana State Police Department for proceedings consistent with this opinion.

Reversed and remanded.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The trial court and the Majority of this Court have substituted themselves for the statutory factfinder, Superintendent John T. Shettle. Under the clear language of the Statute, IC 1971, 35–23–4.-1–5(a), the Superintendent is designated the factfinder—not the trial court or the Court of Appeals. After hearing the evidence, it is the Superintendent who is to determine whether the applicant is a "proper person" to have a license to carry a concealed handgun. After hearing the evidence, it is the Superintendent who must make the determination as to whether a "proper reason" has been given for issuing a license to carry a concealed handgun. My review of the evidence does not suggest in the slightest

2. Article 1, § 32 of the Indiana Constitution provides:

"The people shall have a right to bear arms, for the defense of themselves and the State."

that the determination made by Superintendent Shettle was arbitrary or capricious. On the contrary, his determination is reinforced by the evidence. Therefore, I dissent for the same reasons that I dissented in *Schubert v. DeBard* (1980) Ind.App., 398 N.E.2d 1339.

Superintendent Shettle had this evidence before him. The applicant, Shearer, had never been threatened with bodily harm or had he ever been a victim of a violent crime. His employment did not require that he associate with "undesirable people" or people who might assault him for any reason. The sole reason given for having a permit to carry a concealed handgun was that any attempted assault on Shearer's person might cause a brief period of incapacitation or death. Superintendent Shettle obviously recognized that Shearer's assault anxieties had little basis in fact and that these assault anxieties could present a danger to the general public. Superintendent Shettle concluded that Shearer did not have a "proper reason" to obtain a permit and with the unsubstantiated anxiety which appeared to overwhelm Shearer's reasoning, Shearer was not a proper person to have a permit to carry a concealed handgun.

It is Superintendent Shettle's responsibility under the Statute to protect the public against the promiscuous issuance of permits to carry concealed handguns. It is the applicant who has the burden of proof to show the Superintendent that he has a "proper reason" to carry a concealed handgun and that he is a "proper person" to have a permit to carry a concealed handgun. A mere assertion on the part of an applicant that he needs to carry a concealed handgun for self-defense can never be enough under the Statute to justify the issuance of a permit. However, the Majority has made it so; furthermore, the Majority has placed the burden of proof on the Superintendent instead of the applicant which is clearly contrary to the intent of the Indiana Legislature. The Majority Opinion states: "Furthermore, *Schubert* determined that absent

some evidence to refute self-defense as a reason, the superintendent could not deny an applicant a license on the basis of the superintendent's subjective evaluation of the asserted reason." Why should the Superintendent have to "refute" anything? He doesn't have the burden of proof. The proceeding is ex parte not adversary. The Superintendent doesn't have to refute anything. If his determination is arbitrary and capricious, the determination may be vacated in the same manner as any other administrative determination.

I would reverse the judgment of the trial court for the simple reason that it has substituted itself as the factfinder and made a determination accordingly.