v.

STATE of Indiana, Plaintiff-Appellee.

No. 1-1281A350.

Court of Appeals of Indiana,
First District.

May 27, 1982.

Robert W. Beck, Bloomington, for respondent-appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

R. S. appeals from a judgment of the Monroe Circuit Court, Juvenile Division, adjudging him a delinquent child. We reverse and remand.

## FACTS

R. S., respondent, and his brother D. were charged in two counts with theft—intentionally exerting unauthorized control over the property of another—under Ind. Code § 35-43-4-2(a) (Supp.1981), and forgery—making or uttering a written instrument with intent to defraud in such a manner that it purports to have been made by the authority of another who did not give authority—under Ind.Code § 35-43-5-2 (Supp.1981). The state petitioned to determine delinquency and a fact-finding hearing was held before the juvenile referee of the Monroe Circuit Court. The referee found for R. on the first count and against R. on the second count. This was then approved and ordered by the Honorable James M. Dixon, thereby adjudging R. delinquent child.

## ISSUES

Respondent raises four issues, two of which are dispositive of this appeal. We, therefore, deal only with those two issues.

1. Did the referee err in not submitting her findings and recommendations in writing to the juvenile court?

2. May the juvenile court act to adjudge the respondent a delinquent child where the referee does not submit her findings and recommendations in writing to the juvenile court?

## DISCUSSION AND DECISION

*Issue One*

The referee erred in not submitting adequate findings and recommendations in writing. Ind.Code § 31–6–9–2(b) (Supp. 1981) states that the juvenile referee "shall submit his findings and recommendations in writing to the juvenile court...." This procedure was mandated by the legislature in order to provide the juvenile with a meaningful opportunity for review.

Appeals may be taken from juvenile proceedings as provided by law. Ind.Code § 31–6–7–17 (Supp.1981). "However, the court cannot determine if there was an abuse of discretion or lack of substantial evidence unless the basis of the decision is set out in writing." *Carlton v. Board of Zoning Appeals*, (1969) 252 Ind. 56, 66, 245 N.E.2d 337, 344. Although *Carlton* involved a zoning question, we feel the underlying rationale applies with equal force in questions involving the findings of a juvenile referee. Here the referee's findings and recommendations are set out verbatim as follows:

> "BE IT FURTHER REMEMBERED, that on the 18th day of May, 1981, Comes now the Court and being duly advised in the premises now finds that the respondent did not commit the act as alleged in Count I of the Petition Alleging Delinquency, and that the respondent did commit the acts alleged in Count II and upon this finding in Count II the Court adjudicates the respondent a delinquent child. The probation department is ordered to prepare a predispositional report and to submit same to this Court prior to the disposition hearing which is scheduled for June 3, 1981, at 1:00 P.M. The respondent is ordered to appear at the probation department immediately after this hearing to obtain an appointment for interviews necessary to the predispositional report."

Record at 124–25. These findings were then approved by the juvenile court.

■ We do not feel that this complies with the spirit of Ind.Code § 31–6–9–2(b). Merely finding that the respondent did or did not commit certain acts is not an adequate factual basis upon which the juvenile judge may order a judgment of delinquency under Ind.Code § 31–6–9–2(b), or adequate for meaningful review by this court. We hold that the failure of the referee to make an adequate written record of findings and recommendations pursuant to Ind.Code § 31–6–9–2(b) is error, and, therefore, reverse and remand this case with instructions to the referee to make such a written record of her findings.

*Issue Two*

■■ The trial court erred in acting to adjudge R. delinquent child where the referee did not submit her findings and recommendations in writing to the juvenile court. The *Carlton* rationale also applies to the order of the juvenile court adjudging R. a delinquent child. There must be an adequate written factual basis to provide this court with a record upon which we may examine respondent's allegations of error. *Carlton*, 252 Ind. at 66, 245 N.E.2d at 344. Acting in lieu of such a record is error and we accordingly reverse and remand with instructions to the trial court to make a decision based upon the above-ordered written findings of the referee.

Reversed and remanded with instructions.

NEAL and ROBERTSON, JJ., concur.