**MARTIN COUNTY NURSING CENTER, INC. (Crane Health Care Center, Inc.), Respondent-Appellant,**

v.

**MEDCO CENTERS, INC., Petitioner-Appellee,**

**Designated Planning Agency, Indiana State Board of Health, Washington Nursing Center, Inc., Respondents.**

No. 1–981A255.

Court of Appeals of Indiana, First District.

Nov. 16, 1982.

Rehearing Denied Dec. 21, 1982.

David F. McNamar, John H. Sharpe, Steers, Sullivan, McNamar & Rogers, Indianapolis, for respondent-appellant.

Joseph Harrison, Paul J. Wallace, Bowers, Harrison & Kent, Evansville, Lee Calligaro, & Randi S. Nathanson, Casson, Calligaro & Mutryn, Washington, D.C., for Medco Centers, Inc.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-appellant Martin County Nursing Center, Inc. (Martin); Petitioner-appellee Medco Centers, Inc.; and Washington Nursing Center, Inc.[1] (Washington) all submitted competing applications to the Designated Planning Agency (DPA) for construction of a new nursing facility in Loogootee, Martin County, Indiana. The Indiana State Board of Health serves as the

---

1. At the administrative hearing, Washington conceded the financial infeasibility of its project and is not a party to this appeal.

DPA for Indiana under Section 1122 of the Social Security Act (Act).[2] Under that Act and pursuant to an agreement with the Secretary of the Department of Health and Human Services (HHS), the DPA conducted an administrative review of the above three applications; subsequently, the DPA hearing officer denied Medco's and Washington's applications and approved Martin's application for construction of a new 60-bed comprehensive care facility in Martin County to be known as Martin County Nursing Home. On judicial review, the Gibson Circuit Court reversed the administrative determination for lack of substantial evidence in granting Martin's and in denying Medco's application, and it entered summary judgment in favor of Medco. From that ruling, Martin appeals. We reverse.

## STATEMENT OF THE FACTS

All applications for the construction of a new health care facility are evaluated by the DPA for conformity with four criteria: 1) whether the proposed project is needed; 2) whether the project can be adequately staffed when completed; 3) whether the proposed capital expenditure is economically feasible; and 4) whether the project will foster cost containment. Initially, Martin, Medco and Washington each submitted Section 1122 applications which the DPA disapproved, finding in each case that the proposed project and expenditures "would not foster cost containment in the area by creating an unnecessary duplication of services."

Each of the applicants appealed the DPA's initial disapproval and a "fair hearing"[3] was conducted on each application by an appointed DPA hearing officer, David A. Steckbeck. The evidence submitted by all three applicants indicated there was definitely a need for a new 60-bed facility in Martin County. As many as 83 persons were required to seek nursing care outside of Martin County because the existing 36-bed facility was constantly filled. One Mr. Greg Merchanthouse, a consultant for an Iowa-based corporation which develops and manages nursing facilities, projected a need of 110.5 beds for Martin County. The Mayor of Loogootee, representatives from the Loogootee Chamber of Commerce and the Martin County Welfare Department all indicated that a need existed for an additional facility in Martin County. There was testimony from disinterested witnesses that the existing 36-bed facility owned and operated by Medco was inadequate to meet the needs of Martin County. Furthermore, witnesses testified that they would rather see a company other than Medco operate a new facility in Loogootee.

The hearing officer found that Medco's cost of construction "exceeded the limitation imposed by the Indiana Department of Public Welfare as to rate reimbursement for capital expenditures." In its application Medco proposed a greater than $17,000 cost per bed amount when the maximum reimbursement for new construction at the time of the hearing was $14,600 per bed. In contrast, Martin's per bed cost was $12,500, an amount well within the market area limitation of $14,600 per bed.

In light of the foregoing evidence, the hearing officer found that the Martin application was the only proposal which met all four of the Section 1122 criteria while the Medco and Washington applications both failed to meet the cost containment and financial feasibility requirements.

Thereafter, Medco sought judicial review, and, on May 28, 1981, the trial court, on a summary judgment, reversed the administrative determination, finding, *inter alia,* that 1) the Indiana State Plan projected a need in Martin County for only 11 additional beds; 2) the only evidence indicating a need for more than 20 additional beds was

2. 42 U.S.C. § 1320a–1; and *See also* 42 CFR § 100.101–110 (1981) for federal regulations on medical care quality and cost containment.

3. Pursuant to 42 CFR § 100.106(a)(4) (1981), the federal regulations provide applicants an

"opportunity for a fair hearing" which means nothing more than an administrative hearing with respects to the findings and recommendations of the DPA.

offered by Mr. Greg Merchanthouse, who used a need formula not adopted by the State; 3) if Martin's application is approved it would increase the total number of beds to 96 in Martin County; 4) Medco has greater manpower resources, more ability to recruit personnel and a plan more carefully conceived to adequately staff its proposed facility; 5) Martin's application does not include certain cost items required in the application; and 6) Medco's application is more detailed as to the particular cost items absent from Martin's application.

Upon entering these and other findings, the trial court concluded the evidence showed that only Medco had substantially demonstrated cost effectiveness and cost containment, and therefore, the hearing officer's decision in favor of Martin and against Medco was not based upon substantial evidence.

## ISSUES

Martin presents the following two issues for review:

I. Did the trial court err in finding that the conclusion of the hearing officer below, favorable to Martin County Nursing Center, Inc., was unsupported by substantial evidence?

II. Did the trial court err by engaging in reweighing the evidence upon which the hearing officer below rendered a decision favorable to Martin County Nursing Center, Inc.?

## DISCUSSION AND DECISION

▇▇▇ We begin by stating the standard for reviewing an administrative agency determination. A review by the court of actions of an administrative agency is not a trial *de novo,* but is a review of the evidence appearing in the record made during the agency's proceeding which led to its determination. The reviewing court is forbidden to reweigh the evidence presented to the administrative agency. *Indiana Education Employment Relations Board v. The Board of School Trustees, etc.,* (1976) 171 Ind.App. 79, 355 N.E.2d 269. The scope of judicial review of an administrative decision is limited to consideration of whether there is any substantial evidence to support it. *Pendleton Banking Co. v. Department of Financial Institutions,* (1971) 257 Ind. 363, 274 N.E.2d 705. In determining whether an administrative decision is supported by substantial evidence, the trial court must examine the whole record to determine whether an agency's decision lacks a reasonably sound basis of evidentiary support. *Natural Resources Commission of the Department of Natural Resources v. Sullivan,* (1981) Ind.App., 428 N.E.2d 92. Similarly, when reviewing an administrative decision for the sufficiency of the evidence, the Court of Appeals reverses the agency only when the agency findings of fact are unsupported by substantial evidence; furthermore, the findings must have a reasonably sound basis of evidentiary support. *Old State Utility Corp. v. Greenbriar Development Corp.,* (1979) Ind.App., 393 N.E.2d 785. The Indiana Supreme Court in *Board of Medical Registration and Examination v. Stidd,* (1978) 177 Ind.App. 21, 377 N.E.2d 896, citing from *Board of Medical Registration and Examination v. Armington,* (1961) 242 Ind. 436, 178 N.E.2d 741, stated:

" 'The courts of this state, upon review of an administrative board's action, are not permitted to weigh the evidence and reach a result which satisfies them as to the weight thereof. Neither are we on appeal permitted to do so.' "

377 N.E.2d 901.

Turning to the arguments presented, we shall discuss both the question of substantial evidence and reweighing the evidence together. Upon reversing the agency decision, the trial court concluded that approval of Medco's application is the only result which the substantial evidence of the record will support. With respect to the criterion of need, both the trial court and Medco rely, to the exclusion of all other evidence presented to the hearing officer, on the 1978 and 1979 Indiana State Plan which projected a need in Martin County for 11 and 14 additional beds by 1982. However, there was evidence establishing that the formula used by the state has inherent

weaknesses which undermine its reliability. We further note that the DPA's bed need projection formula is not conclusive proof of need, but merely some evidence of need. The hearing officer is not constrained by that formula to determine the particular need for Martin County.

As we have already stated in the FACT section above, there was evidence before the hearing officer of another bed need projection formula which indicated a need for 110.5 beds in Martin County. Community leaders from Martin County testified that an additional nursing home was needed there and that a proposed new facility should be owned and operated by an entity other than Medco. Other documentation submitted by both Martin and Medco in their applications pointed out the need for a new facility in Martin County. Thus, there was substantial evidence to support the hearing officer's conclusion that the Martin proposal for constructing a new 60-bed facility is needed.

The DPA also found that all applicants—Martin, Medco and Washington, satisfied the Section 1122 review criterion of sufficient manpower. In contrast, however, the trial court found that Medco has greater manpower resources as well as more ability to recruit personnel than Martin. The trial court cannot substitute its judgment for that of the administrative agency. *Shettle v. Shearer,* (1981) Ind.App., 425 N.E.2d 739. A trial court is not free to weigh evidence, but must look at the evidence most favorable to the party who prevailed in the administrative proceeding. *Indiana Civil Rights Commission v. Holman,* (1978) Ind.App., 380 N.E.2d 1281.

In the instant case, it is abundantly clear to this court that the trial court evaluated how much weight to give the testimony of various witnesses at the agency hearing. As Martin succinctly stated in its reply brief, "[t]he whole purpose in limiting judicial review of administrative decisions is to prevent a court from attaching a different weight to the testimony of witnesses it did not see...." The trial court erred in reweighing the evidence on manpower resources particularly where both the DPA and the hearing officer had found that all the applicants had satisfied the manpower requirement.

Finally, the trial court found that Martin's application was inadequate because it did not contain a breakdown on certain cost items. The evidence shows that Martin complied with all the application requirements imposed by the federal and state health agencies, and therefore, provided a sufficient application. We have reviewed the particular cost items enumerated by the trial court and discussed in Medco's brief, and conclude that once again the trial court has improperly and erroneously engaged in a reweighing of the evidence by comparing Martin's application to Medco's. This a trial court[4] may not do. It is not necessary for this court to discuss in detail the other findings of the trial court for there is substantial evidence of probative value to support the hearing officer's determination.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.

---

4. Although neither party presented the issue directly, we would note that judicial review of the hearing officer's decision was not premature for failure to exhaust all administrative remedies. As the United States Court of Appeals so held in *Wilmington United Neighborhoods v. United States Department of Health, Education and Welfare,* (3rd Cir.1980) 615 F.2d 112, the Secretary of HHS has mere ministerial duties where the DPA has approved the application of an applicant for a health care facility, and the Secretary lacks discretionary power to override the decision of the DPA once it has approved, by proper procedure, a proposed capital expenditure. Furthermore, the clear language of Section 1122 of the Act provides that a determination by the Secretary under this section shall not be subject to administrative or judicial review. *Wilmington, supra; see also* 42 CFR § 100.108(3)(e).