TRW, INC., ROSS GEAR DIVISION *v.* EUGENE D. WEST.

[No. 2-1272A134. Filed March 14, 1973.]

*John T. Rocap, Bruce M. Pennamped, Rocap, Rocap, Reese & Young, Edwin J. Bunny,* all of Indianapolis, for appellant.

*Theodore J. Smith,* of Lafayette, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Review is sought by defendant-appellant TRW, Inc. (TRW) from an affirmative award granted by the Full Industrial Board of Indiana (the Board) in favor of claimant-appellee Eugene D. West (West).

We retain jurisdiction and order the Board to make more specific Findings of Fact.

## FACTS

On January 9, 1968, and on May 27, 1970, West allegedly injured and reinjured his right knee arising out of and in the course of his employment with TRW.

West's claim was heard by a Hearing Member who found in his favor. Thereafter, TRW filed an Application for Review by the Full Board, and on November 9, 1972 the Board entered an award in favor of West and filed the following "Findings of Fact":

> That on January 9, 1968, plaintiff sustained an injury to his right knee in the course of his employment by the defendant, which injury resulted in a permanent partial impairment of fifteen percent of the right leg above the knee; that upon recovery plaintiff returned to work with the defendant.
>
> It is further found that on May 27, 1970, plaintiff was employed by the defendant herein at an average weekly wage in excess of the maximum of $95; that on said date he sustained an accident and injury arising out of and in the course of his employment by the defendant; that defendant had knowledge of said injury but has not paid the

statutory medical expenses; that plaintiff's right knee was reinjured as a result of said accident.

It is further found that as a result of said accidental injury plaintiff was temporarily totally disabled from April 13, 1971 to May 27, 1971, and from September 9, 1971, and is still temporarily totally disabled at the time of said hearing; that plaintiff has not been and is not being paid temporary total disability compensation by the defendant.

That prior to the filing of plaintiff's Form 9 application a good faith effort was made by said parties to adjust said claim which effort resulted in a disagreement, and plaintiff filed his Form 9 application herein on May 18, 1971.

Said Full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 9 application filed hereon May 18, 1971.

## ISSUE

For reasons that hereinafter appear, we do not decide this case on the merits and only consider whether the Findings of Fact by the Board are specific enough to enable this court to intelligently review the Board's award.

## DECISION

CONCLUSION—The Board should make Findings of Fact specific enough to enable this court to intelligently review the Board's decision.

At the risk of redunancy we stress again that the Board's Findings of Fact in support of its decision must be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's decision. *Carlton* v. *Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337; *Transport Motor Express, Inc.* v. *Smith*, 279 N.E.2d 262; *Robinson* v. *Twigg Industries, Inc.* (1972), 151 Ind. App. 691, 281 N.E.2d 135; *Johnson* v. *Thomas & Skinner, Inc.* (1972), 152 Ind. App. 136, 282 N.E.2d 346; *Page* v. *Board of Commissioners of the County of Clay*, 152 Ind. App. 359, 283 N.E.2d 571; *Transport Motor Express, Inc.* v. *Smith*, 289 N.E.2d 737; *Bohn Aluminum & Brass Co.,*

*Plant #9,* v. *Kinney* (1973), 155 Ind. App. 64, 291 N.E.2d 705.

The lack of specificity of the Findings of Fact in this case presents a similar lack of specificity of the contested factual issues in *Bohn Aluminum & Brass Co., Plant #9,* v. *Kinney, supra.* This being so the Board has failed in its statutory duty to specifically find the facts in support of its award in accordance with the guidelines explicitly set forth beginning with our opinion in *Transport Motor Express, Inc.* v. *Smith,* 279 N.E.2d 262, handed down March 1, 1972, and followed by the cases cited above continuing and expanding upon the necessity of specific Findings of Fact. This action is taken recognizing that the hearing before the Board was held on November 9, 1972, being less than one month before our second *Transport Motor Express decision* (December 4, 1972).

The Board is now directed to certify to this court, within thirty (30) days of this date, with copies to the parties and counsel of record, findings of the specific facts upon which its award is based. Within thirty (30) days after such certification, the appellant (TRW) may file in this court a supplemental brief. Within twenty (20) days after service of such supplemental brief, or within twenty (20) days after service of notice of waiver of the right to file such supplemental brief, or, if no brief or waiver is served upon the appellee (West), then within fifty (50) days after certification of the Findings of Fact, West may file his supplemental answer brief. This court retains jurisdiction of this appeal for the purpose of disposition upon the merits following compliance by the Board and by the parties with the directions herein set forth.

Sullivan and White, JJ., concur.