ANGEL L. RIVERA *v.* SIMMONS COMPANY.

[No. 2-273A35. Filed July 12, 1973.]

*Robert L. Pressler, Chudom & Pressler,* of Gary, for appellant.

*James E. Schreiner, Travis, Tinkham & Schreiner,* of Hammond for appellee.

### CASE SUMMARY

BUCHANAN, P.J.—Review is sought by plaintiff-appellant Angel L. Rivera (Rivera) from a decision of the Full Industrial Board of Indiana (the Board) denying benefits for an injury which the Board found did not arise out of and in

the course of his employment with defendant-appellee Simmons Company (Simmons).

We reverse.

## FACTS

While on the job Rivera sustained an injury to his back and filed a claim with the Industrial Board, which a Hearing Member denied on June 28, 1972. Thereafter, Rivera filed an Application for Review by the Full Board, and *on January 10, 1973* the Board sustained the Hearing Member's finding against Rivera and rendered the following "Findings of Fact":

"That plaintiff was in the employ of the defendant on the 16th day of June, 1970, at an average weekly wage in excess of the maximum; that on said date plaintiff did not sustain an accidental injury arising out of and in the course of his employment with the defendant herein; that plaintiff's condition, if any, is due to causes wholly unrelated to his employment by said defendant;

"That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"The full Industrial Board now finds for the defendant and against the plaintiff on plaintiff's Form 9, application for the adjustment of claim for compensation, filed on the 16th day of October, 1970.

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the full Industrial Board of Indiana that plaintiff herein shall take nothing by his application Form 9 for the adjustment of claim for compensation, filed on the 16th day of October, 1970, and plaintiff shall pay all costs, if any, taxed in said cause."

## ISSUE

For reasons that hereinafter appear, we cannot decide this case on the merits and only consider whether the Findings of Fact by the Board are specific enough to enable this court to intelligently review the Board's award.

## DECISION

CONCLUSION—It is our opinion that the Board should make Findings of Fact specific enough to enable this court to intelligently review its decisions.

Even a cursory examination of these Findings of Fact indicates their insufficiency. They fail to specify "the finding of the facts on which it [the award] is based."[1] They are mere conclusions which afford no basis for intelligent judicial review.

Without a factual foundation for the Board's action a reviewing court must assume the Board's fact finding function by searching the record and by relying on the parties' briefs, to engage in a guessing game as to the "facts" found by the Board to support its action. The usurpation of the Board's statutory duty is not a legitimate function of judicial review. *Transport Motor Express, Inc.* v. *Smith,* Ind. App., 289 N.E.2d 737, handed down December 4, 1972, (the Second TMX case).

In deciding "the dispute" between "the parties at issue"[2] no distinction is made by the Workmen's Compensation Act between positive or negative awards, i.e., whether the Board's action is to deny, grant, reduce, or raise benefits. The Board's function in any event is to enter specific findings of fact relevant to the disputed issues.

In the Second TMX case the requisite specificity was stated to be:

". . . the specific findings we need are those which are relevant to the contested issues, the disputed issues, which is to say, the specific facts which are basic to the ultimate facts upon which the parties have been unable to agree.

"As to the other elements of the claimant's burden of proof, the uncontested and undisputed elements, on which the Board must make a finding, it is relatively unimportant

1. Ind. Ann. Stat. § 40-1511 (Burns 1972 Supp.) IC 1971, 22-3-4-7.
2. Ind. Ann. Stat. § 40-1510 (Burns 1965) IC 1971, 22-3-4-6 and Ind. Ann. Stat. § 40-1511, *supra.*

whether the facts are found specifically or whether the Board merely 'mouthes the general language of the statute.' "

The need for specific findings of fact has been repeatedly emphasized in a series of cases from this court beginning with *Transport Motor Express, Inc.* v. *Smith,* Ind. App., 279 N.E.2d 262, handed down March 1, 1972, (the First TMX case). Typical is *TRW, Inc., Ross Gear Division* v. *West* (1973), 155 Ind. App. 495, 293 N.E.2d 517:

"At the risk of redundancy we stress again that the Board's Findings of Fact in support of its decision must be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's decision. Carlton v. Board of Zoning Appeals (1969), 252 Ind. 56, 245 N.E.2d 337; Transport Motor Express, Inc. v. Smith, Ind. App., 279 N.E.2d 262, handed down March 1, 1972; Robinson v. Twigg Industries, Inc., 151 Ind. App. 691, 281 N.E.2d 135, handed down April 21, 1972; Johnson v. Thomas & Skinner, Inc., 152 Ind. App. 136, 282 N.E.2d 346, handed down May 15, 1972; Page v. Board of Commissioners of County of Clay, 152 Ind. App. 359, 283 N.E. 2d 571, handed down June 14, 1972; Transport Motor Express, Inc. v. Smith, Ind. App., 289 N.E.2d 737, handed down December 4, 1972; Bohn Aluminum & Brass Co., Plant #9 v. Kinney, [155] Ind. App. [164], 291 N.E.2d 705, handed down January 31, 1973."

Because our insistence that the Board follow its statutory duty to support its action with findings of fact is of recent origin, (the First TMX case was handed down March 1, 1972), we recognize the Board has been required to make adjustments in its procedures. During this period of transition, our inclination has been to expedite review of the Board's decisions without necessarily requiring in every instance strict compliance with the principles governing administrative findings of fact meticulously enunciated in the Second TMX case.

We now reaffirm our adherence to those principles and hereafter will expect the Board to enter findings of fact in each case accordingly.

The obviously inadequate findings in this case were filed January 10, 1973, more than one month after the Second TMX case.

Therefore, we reverse and remand this cause for further proceedings not inconsistent with this opinion.

Sullivan and White, JJ., concur.

NOTE.—Reported at 298 N.E.2d 477.