**PENN–DIXIE STEEL CORPORATION,**
**Appellant-Defendant,**

v.

**Cascar L. SAVAGE, Appellee-Plaintiff.**

**No. 2–578A161.**

Court of Appeals of Indiana,
First District.

May 29, 1979.

Rehearing Denied July 18, 1979.

Robert C. Rupp, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellant-defendant.

Richard L. Russell, Bayliff, Harrigan, Cord & Maugans, Kokomo, for appellee-plaintiff.

LYBROOK, Judge.

Review is sought by Penn-Dixie Steel Corporation (Penn-Dixie) from an affirmative award granted by the Full Industrial Board of Indiana in favor of Cascar L. Savage (Savage) for temporary total disability, resulting from injuries received by Savage in the course of his employment. Penn-Dixie claims that the Board's decision was contrary to law.

We affirm.

Savage was employed by Penn-Dixie. He was injured at work when a hot steel wire which he was working on broke, and a loose end of the wire flipped around, striking and burning him on the back, stomach and groin. Savage also alleged that he sustained a hernia while dodging the wire. Penn-Dixie paid for Savage's medical expenses connected with the injuries, and also paid him temporary total disability benefits for 51½ weeks of work that he missed due to his injuries. Subsequently, Savage returned to work, but was unable to continue working due to a mental condition allegedly precipitated by the work-related injury.

As a result of his inability to work, Savage filed a Form 9 Application for the adjustment of his compensation claim with the Industrial Board of Indiana. He alleged in the application that he was totally disabled as a result of severe mental disturbances caused by his burns and hernia, which occurred in the accident in the course of his employment. A single member of the Industrial Board found that Savage was totally disabled from performing any employment, and that 50 percent of his disability was attributable to, and resulted from, his work-related injury.

As a result of the award, Penn-Dixie filed an application for review before the Full Industrial Board. The Full Industrial

Board found Savage 100 percent disabled, all attributable to his work-related injury. The Board determined that he should recover continued temporary total disability benefits from Penn-Dixie until such benefits terminated in accordance with the Workmen's Compensation Law of Indiana.

The award of the Full Industrial Board prompted Penn-Dixie to file an Assignment of Errors and Notice of Appeal to this court. Therein, Penn-Dixie alleged that the award of the Board was contrary to law. Such an allegation is sufficient to present for review to this court both the sufficiency of the findings of fact utilized to sustain the award, and the sufficiency of the evidence to sustain the findings of fact.[1]

This case presents a unique factual "twist", in that two injuries were alleged to have occurred simultaneously in the work-related accident: (1) the burns which Savage suffered, and to which Penn-Dixie stipulated, and (2) the hernia that Savage alleges he suffered. Either of the injuries could conceivably have caused Savage's disability.

The problem arises because the findings of fact by the Industrial Board do not state whether Savage's disability was causally connected to the burns or the hernia, nor do they state whether or not his disability arose out of, and in the course of, his employment. Penn-Dixie contends, therefore, that the evidence was not sufficient to sustain the Board's award. They feel that, although there was adequate proof to causally link Savage's disability with his hernia repair, there was not sufficient evidence of probative value to prove that Savage's hernia occurred in the work-related accident. Furthermore, although Penn-Dixie stipulates that Savage's burns occurred in the work-related accident, they feel that sufficient evidence was not presented to demonstrate any causal link between the burns suffered and Savage's disability.

The actual issues to be decided in this case are:

(I) Whether the findings of fact are sufficient to sustain the conclusion that Savage's present condition is the result of the accident arising out of, and in the course of, his employment.

(II) Whether the evidence presented to the Industrial Board is sufficient to sustain the findings of fact that Savage is disabled and that such disability arose out of, and in the course of, his employment.

I.

As a result of the Board's meagre findings of fact Penn-Dixie contends that the findings were not sufficient to sustain the determination that Savage's disability arose out of, and in the course of, his employment. They further feel that his award was unwarranted.

It was stated in *TRW, Inc., Ross Gear Division v. West*, (1973) 155 Ind.App. 495, 293 N.E.2d 517, 518,[2] that "[T]he Board's Findings of Fact in support of its decision must be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's decision." This court explicitly defined what is required in satisfactory findings of fact when it stated that an adequate finding of facts:

"[I]s a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. It is stated in sufficient *relevant* detail to make it mentally graphic, i. e., it enables the reader to picture in his mind's eye what happened. *And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law.*" (Em-

**1.** *See*, Ind.Code 22–3–4–8. *See also Webster v. Indiana Dept. of Public Instruction*, (1962) 132 Ind.App. 595, 178 N.E.2d 909.

**2.** *See also Carlton v. Board of Zoning Appeals*, (1969) 252 Ind. 56, 245 N.E.2d 337; *Robinson v. Twigg Industries, Inc.*, (1972) 151 Ind.App. 691, 281 N.E.2d 135.

phasis added.) *Whispering Pines Home for Senior Citizens v. Nicalek*, (1975) Ind. App., 333 N.E.2d 324, 326.

In the case at bar, the findings of fact are indeed skimpy. The Board could have made concise findings of fact that would have made it clear to this court exactly what the Board's award was based on. Unfortunately, the Board did not make such findings.

The findings of fact that the Board supplied state that Savage was burned at work by a hot wire, that his medical expenses were paid, that he received temporary total disability compensation for 51½ weeks, that Savage suffered from preexisting organic and emotional problems which affected his personality and provided him with a nervous condition rendering him incapable of dealing with stress, that these problems were caused by his general physical and mental make-up and by certain other factors, that he suffered from paranoic depression and cerebrovascular insufficiency, and that he was, as a result, totally disabled from following any gainful employment. However, as mentioned earlier, the Board did not find explicitly that the disability was causally connected to the work-related accident. More specifically, the Board did not find whether the hernia occurred as a result of the work-related accident; therefore, this court does not know whether the Board based its award on the fact that Savage's disability was caused by the burns, which were stipulated to have occurred as a result of the accident, or from the hernia and its repair.

 Fortunately, due to the circumstances of the case, the findings of fact by the Board allow us, using our deductive powers, to picture the Board's reasoning and its award in sufficiently relevant detail.[3] The Board found that a work-related accident occurred; they found that Savage was temporarily totally disabled; and, they granted

Savage an award. It logically follows that the Board found that Savage's disability arose out of, and in the course of, his employment, lest they would not have granted him an award. Whether the disability was caused by his burns or by the hernia does not make any difference if both can be shown to have arisen from the work-related accident and if both can be shown to be causally related to Savage's disability. Both can be so shown.[4] Since the evidence is sufficient to support an award based on a finding that either of the injuries was causally related to the disability, and that either of the injuries arose out of the accident, the findings of fact herein, though sparse, are sufficient to support the Board's award.

## II.

 On appeal of a compensation case to this court, the court can only consider the decision of the Full Industrial Board. *Warren v. Indiana Telephone Co.*, (1940) 217 Ind. 93, 26 N.E.2d 399. Additionally, this court will not weigh the evidence and, where there is a conflict in the evidence, this court will only consider the evidence which tends to support the Board's award and which is most favorable to the appellee. *Allen v. United Telephone Company*, (1976) Ind.App., 345 N.E.2d 261, 264.[5] Finally, as stated in *Bohn Aluminum & Brass Co., Plant # 9 v. Kinney*, (1974) 161 Ind.App. 128, 314 N.E.2d 780, 784:

> "It has been repeatedly stated by this and the Indiana Supreme Court that review of an Award made by the Industrial Board which questions the sufficiency of the evidence upon which the Board based its Findings, will be limited:
>
> '. . . to an examination of the evidence to ascertain whether the finding of the Industrial Board does not rest upon a substantial factual foundation. We may reverse the award only . . (1) If it should appear that the evidence

---

3. *See Whispering Pines Home for Senior Citizens v. Nicalek*, (1975) Ind.App., 333 N.E.2d 324.

4. *See* Part II, *infra.*

5. *See* also *Barton v. Warner Gear Division of Borg-Warner Corp.*, (1966) 139 Ind.App. 77, 80, 216 N.E.2d 545, 547; *Ellis v. Hubbell Metals, Inc.* (1977) Ind.App., 366 N.E.2d 207, 210.

upon which the Industrial Board acted was devoid of probative value; (2) That the quantum of legitimate evidence was so proportionately meager as to show that the finding does not rest upon a rational basis or; (3) That the result must have been substantially influenced by improper considerations.' *Pollock v. Studebaker Corp.* (1951), 230 Ind. 622, 625, 105 N.E.2d 513, 514. On appeal, this Court cannot weigh the evidence heard by the Board to determine for whom it preponderates, and only if reasonable men would be bound to reach the opposite conclusion from the evidence in the record, may the decision of the Board be reversed."

▉ Furthermore, it has been stated by this court in *Lockwood v. Bd. of Tr.,* (1969) 144 Ind.App. 430, 433, 246 N.E.2d 774, 775, that:

"[The court] cannot disturb the Board's finding unless the evidence is undisputed and leads inescapably to a contrary result."

The question presented here is whether or not the evidence was sufficient to support the Board's findings of fact and its award. In order for the findings of fact and the award to be supported by the evidence, the evidence must show that both accidents occurred in the work-related accident, and that both injuries are causally connected to the disability.

The parties stipulated that Savage suffered an injury that arose out of, and in the course of his employment, said injury being the burns on Savage's back, stomach and groin. However, Penn-Dixie alleges that Savage failed to connect his resultant disability to the accident, because nothing indicated that his mental deficiencies were causally connected to his burns.

We cannot agree, however, with Penn-Dixie's contentions. As mentioned, Penn-Dixie stipulated to Savage's burns. Evidence of Savage's disability was presented at the hearing before the Board. Savage's

wife and daugther both testified that, subsequent to his burns, but *prior* to his hernia repair, he was unable to remember anything, he was irritable and everything got on his nerves, he was unable to handle family financial affairs, he had no interest in gardening, he no longer went for pleasure drives or to visit relatives, and he no longer read the Bible, all of which were contrary to his usual behavior patterns. Mrs. Savage also testified that he complained of pain from his burns, that he had nightmares and unsettling delusions about fire and sparks, and that he was unable to perform his conjugal duties.

Furthermore, viewing the evidence in a light most favorable to the Board's award, a psychiatrist testified that Savage's work-related accident was a significant emotional factor in his mental demise, particularly the burns in his groin area which precluded any sexual activity on his part. The psychiatrist also testified that in November, 1976, Savage was totally disabled and had been disabled for some time.

▉ Such evidence is sufficient to support the Board's award, if the award was based on the burns.

▉ Although Penn-Dixie states the contrary, there was also sufficient legal evidence of probative value to support a finding that Savage's hernia occurred during his work-related accident. Savage testified that his hernia occurred while he was dodging the "flipping" wire. Such evidence is legal evidence, as one can always testify in his own behalf concerning what happened.[6] Further, in his Form 9 Application, Savage stated that he had suffered both burns and a hernia in the accident. Finally, although her testimony was hearsay, Savage's wife testified as to the origin of Savage's hernia. Hearsay evidence is admissible and can be used to support a decision, as long as there is some thread of legal evidence on which to base the decision.[7] Although this evidence may not be of great weight, to weigh it is not within our province. Our standard is merely to consider evidence which tends to

**6.** *See generally: Kenwood Erection Co. v. Cowsert,* (1953) 124 Ind.App. 165, 115 N.E.2d 507.

**7.** *See C. T. S. Corporation v. Schoulton,* (1978) Ind., 383 N.E.2d 293. This case allows the Industrial Board, in its discretion, to accept any evidence offered; but there must be a "residuum" of legal evidence to support the claim before an award can be made.

support the Board's decision. *Allen, supra; Bohn, supra.* The evidence is sufficient to find that the hernia occurred as a result of the work-related accident.

Finally, evidence was elicited which indicates that Savage's disability could have been caused by the hernia and its treatment. Psychiatric testimony was specific on this point, and Penn-Dixie admits as much in its brief to this court.

Therefore, since the evidence is sufficient to show that either injury could have been the cause of Savage's disability, and that both injuries occurred as a result of Savage's work-related accident, we affirm the award of the Full Industrial Board.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.