## INDIANA BELL TELEPHONE COMPANY, INCORPORATED, Appellant-Defendant,

v.

## Lloyd C. OWENS, Appellee-Plaintiff,

## Jim Turner Co., Inc., and Paul G. Conard, d/b/a Paul G. Conard Insurance Auto-Owners Insurance Company, Appellees-Defendants.

### No. 2–278A66.

Court of Appeals of Indiana, Fourth District.

Jan. 28, 1980.

Richard O. Creedon, Indianapolis, for appellant-defendant.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellee-plaintiff.

CHIPMAN, Judge.

This appeal is from a decision of the Industrial Board of Indiana which found Indiana Bell Telephone Company, Inc. (Bell) secondarily liable for statutory benefits payable to Lloyd C. Owens, an employee of Jim Turner Co., Inc. On appeal, Bell argues there was insufficient evidence to support a finding that Bell ever contracted with Jim Turner Co., Inc., and therefore, the decision of the Board was contrary to law.

Reversed and remanded.

During February of 1974, one Jim Turner was engaged as an independent contractor in certain utility construction for Bell. On February 15, 1974, Lloyd Owens, a laborer, suffered a compensable injury while installing underground cable for Turner. The Industrial Board found Turner (whether designated as "James R. Turner & Co." or "Jim Turner Co., Inc.") liable for the statutory benefits payable to Owens, and Indiana Bell secondarily liable to Owens on account of its having failed to exact certain certificates of insurance from the Board as required by *Ind.Code* 22–3–2–14. This section of the Indiana Workmen's Compensation Act provides, in relevant part:

> The state, any political division thereof, any municipal corporation, any corporation, partnership, or person, contracting for the performance of any work exceeding five hundred dollars [$500] in value by a contractor subject to the compensation provisions of this act [22–3–2–1—22–3–6–3] without exacting from such contractor a certificate from the industrial board showing that such contractor has complied with sections 5, 68 and 69 [22–3–2–5, 22–3–5–1, 22–3–5–2] of this act, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges, and burial expenses on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.

This legislation is designed to protect employees of financially irresponsible, uninsured independent contractors by imposing secondary liability on the party who has it within his power, in choosing independent contractors, to insist upon appropriate workmen's compensation protection for their workers.

On appeal, Bell argues Owens was employed by "Jim Turner Co., Inc.," a corpora-

tion, and that the independent contractor hired by Bell was "Jim Turner Co.," a proprietorship. Therefore, argues Bell, Bell Telephone cannot be held secondarily liable under IC 22–3–2–14 because Bell never contracted with "Jim Turner Co., Inc.," Owens' employer. In response, Owens argues Bell seeks to raise a technical defense based upon an artificial distinction between the Turner proprietorship and the Turner corporation. While we are inclined to agree with Owens, we have determined the findings of fact made by the Industrial Board to be so inadequate as to preclude a meaningful review at this time.

■ Our courts have held time and again that findings of fact made by the Industrial Board must be specific enough with respect to contested issues to enable a reviewing court to intelligently review the Board's decision. See Rivera v. Simmons Co., (1973) 157 Ind.App. 10, 298 N.E.2d 477; TRW, Inc., Ross Gear Division v. West, (1973) 155 Ind.App. 495, 293 N.E.2d 517. In this case, the Board made a number of unsupported determinations of ultimate fact which were crucial to its finding, including the following:

Said Full Industrial Board does find that . . . Jim Turner, for the purposes of Lloyd C. Owens' petition and Form 9 application to this Court, is one and the same as Jim Truner (sic) Company, Inc., and that a compensable accident did occur . . . to Lloyd C. Owens, while in the employ of Jim Turner, Jim Truner (sic) Company and Jim Turner Co., Inc. It is further found that Jim Turner Co., Inc. was under an unwritten demand-type contract for services as needed for Indiana Bell Telephone Company. . .

■ The Board must have necessarily determined Jim Turner Co., Inc., the corporation, and Jim Turner Co., the proprietorship, were in actuality the same identifiable business structure engaged in utility construction for Indiana Bell. On that basis, the Board apparently found Bell secondarily liable for Owens' benefits, Bell having failed to exact certificates of insurance for either Jim Turner Co., Inc. or Jim Turner Company. However, the Board made no findings of fact in support of a determination that the Turner corporation and the Turner proprietorship were one and the same. As a result, we are unable to effectively review Bell's claim on appeal.

Therefore, we deem it necessary to remand this case to the Industrial Board with instructions that specific findings of fact be entered in support of its decision. In the event the Board finds it necessary that additional evidence be submitted, a new hearing may be held for the limited purpose of determining the business identity of the Turner Corporation and the Turner Proprietorship at the time of the claimant's injury.

Reversed and remanded for further proceedings in accordance with this opinion.

MILLER, P. J., concurs.

YOUNG, J. dissents with opinion.

YOUNG, Judge, dissenting.

I dissent. The Industrial Board's action is sufficiently clear for our review. Hawley v. South Bend, Dept. of Redevelopment, (1978) Ind., 383 N.E.2d 333, 336. They found that the employer, Jim Turner Company and Jim Turner Company, Inc., were one and the same. Regardless of Turner's form of doing business, Indiana Bell was secondarily liable under the statute.