The **INDIANA STATE BOARD OF EMBALMERS & FUNERAL DIRECTORS** and **John Randall, Robert D. Beach, Richard Poindexter, Chester Morris, Bernard A. Dziadowicz and William Paynter, members of the State Board of Embalmers & Funeral Directors, Appellants,**

and

**Paul H. Buchanan, Jr., Intervenor–Appellant,**

v.

**Donald B. KELLER, Charlene B. Keller and FBFH, Inc., an Indiana Corporation, Appellees.**

No. 1079S284.

Supreme Court of Indiana.

Sept. 8, 1980.

Theodore L. Sendak, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Indianapolis, for appellants.

Karl J. Stipher, James H. Ham, III, Baker & Daniels, Indianapolis, for intervenor–appellant.

William F. Welch, Randolph L. Seger, McHale, Cook & Welch, Indianapolis, for appellees.

GIVAN, Chief Justice.

This is an appeal from a judicial review of the appellant Board's decision in this case. In the trial court both parties filed motions for summary judgment. The trial court granted summary judgment in favor of appellees, thus setting aside the original action of the appellant, State Board of Embalmers & Funeral Directors, which in effect had disapproved the transaction of the sale of stock in Flanner & Buchanan to SCI. We reverse the trial court and order this cause remanded to the Indiana State Board of Embalmers & Funeral Directors for a more explicit finding of fact.

On January 13, 1978, Donald B. and Charlene B. Keller contracted to sell their fifty–four percent [54%] interest in Flanner & Buchanan, Inc. to FBFH, Inc., a wholly owned subsidiary of Service Corporation International [SCI]. Donald Keller also contracted to sell all of his common shares (fifty percent [50%] of the outstanding shares) in Flanner & Buchanan's Zionsville Mortuary, Inc., to FBFH, Inc. Both Flanner & Buchanan corporations are Indiana corporations which currently hold property used in and employ individuals licensed to practice the profession of embalming and funeral directing. SCI is a publicly held

company based in Houston, Texas, which owns and operates funeral homes and cemeteries in 18 states and Washington, D.C. The issues involved in the sale of stock of each corporation are the same and will be treated together.

On January 30, 1978, Donald Keller sent a letter to Robert Beach, secretary/treasurer of the Indiana Board of Embalmers & Funeral Directors, identifying the shareholders of the corporations and the facts concerning the proposed transfer of stock. This notice is required under IC § 25–15–1–6 [Burns 1976]. On February 7, 1978, the Board of Embalmers met with two officers of Flanner & Buchanan, a representative of SCI who was also an officer of FBFH, and counsel for SCI and FBFH. At this meeting the details of the proposed transaction were discussed and the Board requested the deputy attorney general attending the meeting to prepare an informal opinion defining the authority of the Board over the proposed transfer of stock.

On April 4, 1978, the Board met again. Without the benefit of the informal opinion requested from the Attorney General, the Board heard from representatives of FBFH and Paul H. Buchanan, Jr. (owner of the balance of the stock not belonging to the Kellers in Flanner & Buchanan, Inc. and who also owns an interest in the Zionsville corporation). At this meeting the Board provided FBFH counsel a copy of a letter dated March 14, 1978, from Robert Beach, secretary/treasurer of the State Board of Embalmers, to a deputy attorney general. This letter was read into the record of the April 4 hearing. In this letter the secretary/treasurer, Robert Beach, again requested an informal ruling and also set forth reasons why the Board believed it could not approve the sale of stock to FBFH. The appellees contend that this letter constitutes sufficient findings of fact by the Board and that a remand for more specific findings is therefore unnecessary.

At the conclusion of the April 4 meeting, Mr. Beach moved "in the viewpoint of consumer protection of the State of Indiana that we do not approve the license, the stock transfer of Flanner & Buchanan to SCI." This motion was unanimously approved by the Board.

A complaint for judicial review was filed in Marion Circuit Court and subsequently venued to the Hancock Circuit Court. Both appellees and appellants filed motions for summary judgment. After oral argument, the court granted summary judgment in favor of SCI and the Kellers. The trial court granted motions to stay the effect of the judgment pending appeal.

The threshold question in this case concerns the substance of the Board's order, which the trial court reviewed and vacated. The precise wording characterized by the court as the Board's decision is the motion made on April 4, by Mr. Beach, above–quoted. The trial court was convinced that by this statement the Board intended to prevent the proposed transfer of stock. The trial court found that such an intent exceeded the jurisdiction of the Board.

■ If the decision of the Board was to prohibit the proposed stock transfer, we would agree with the trial court. The act creating the Board of Embalmers & Funeral Directors, IC 25–15–1–1 et seq. [Burns 1976], does not give the Board jurisdiction over a stock transaction. The law in Indiana is clear that an administrative agency's powers are limited to those found in the statutory provisions of its enabling act. *Indiana Civil Rights Commission v. Holman* (1978) Ind.App., 380 N.E.2d 1281. See also *Monon Railroad Co. v. Citizens of Sherwood Forest Addition, Marion County* (1970) 146 Ind.App. 620, 257 N.E.2d 846; *Good v. Western Pulaski School* (1965) 139 Ind.App. 567, 210 N.E.2d 102.

■ However, the sole relief a court may grant when an administrative order is found to be unlawful is to vacate the decision and remand the matter to the agency for a further determination. *State ex rel. State v. Marion Sup. Ct.* (1979) Ind., 392 N.E.2d 1161; *Aeronautics Commission of Indiana v. Radio Indpls. Inc.* (1977) Ind. App., 361 N.E.2d 1221. Therefore, if it be conceded for the sake of argument that the

Board intended to prevent the stock transfer and thereby exceeded its jurisdiction, the trial court also exceeded its jurisdiction to the extent that it ordered the Board to "further refrain from taking any action which would have an adverse affect (sic) on the continuation of the business of Flanner & Buchanan or Flanner & Buchanan Zionsville after the transfer of said shares by reason of or related to, said transfer of shares."

By far the more perplexing question in this case is what did the Board actually decide. Appellant Buchanan concedes that the Board lacks jurisdiction to restrict the sale of stock. However, Buchanan argues convincingly that rather than deciding to prohibit the sale of stock, the Board actually decided that after the transfer certain provisions of the Embalmers & Funeral Directors Act would be violated because there would be corporate ownership of stock and that the Board would then be able to revoke the operating licenses of Flanner & Buchanan Funeral Homes. Support for Buchanan's position is evident in the March 14 letter from the secretary/treasurer of the Board to the Attorney General. In this letter Mr. Beach stated that the Board believed that it could not "approve this sale and continue to give Flanner & Buchanan a license . . . ." This indicates the Board was aware that it had no authority to prevent the stock transfer, but envisioned a situation where, after the transfer of the stock, the Board would be able to revoke the license of Flanner & Buchanan Funeral Homes.

The controversy over the substance of the Board's decision illustrates the need for adequate findings of fact. Buchanan contends the trial court erred when it failed to remand the case to the Board of Embalmers for a more clear statement of its decision and for specific findings of fact.

■ Appellees, on the other hand, argue that the March 14 letter from Mr. Beach to the Attorney General constitutes findings sufficient to support the Board's decision which, they also argue, is also contrary to law and in excess of the Board's statutory jurisdiction. The letter set out the following reasons why the Board believed it could not approve the sale:

(1) The Board would have no control over the operation of Flanner & Buchanan as contemplated by Indiana law because no Indiana licensed funeral director on the Board of Directors of Flanner & Buchanan would have any "financial interest in the corporation and would have no managerial sayso."

(2) On the basis of "consumer protection", the Board would be unable to insure that Flanner & Buchanan would act ethically since no director of Flanner & Buchanan would hold a financial interest therein.

(3) SCI was "convicted" of illegal practices in accommodation by the Federal Trade Commission.

(4) "IC 25–1–11 (sic) would apply in the matter because it spells out the basis for revocation and refusal to grant licenses, one of which is 'promoting or participating in any scheme or plan in the nature of a burial association, or burial certificate or membership certificate plan.'"

Notwithstanding the statements in the letter, it remains unclear whether or not the Board was exceeding its jurisdiction and directly disapproving a stock transfer or whether the Board was merely observing what the result would be should the stock transfer be accomplished. We therefore hold the trial court erred when it failed to remand the cause to the Board of Embalmers for a more clear statement of its decision and for specific findings of fact. *Carlton v. Board of Zoning Appeals* (1969) 252 Ind. 56, 245 N.E.2d 337.

The reasons for requiring findings of fact by agencies has been said to be "to facilitate judicial review, avoid judicial usurpation of administrative functions, assure more careful administrative consideration, help parties plan their cases for rehearing and judicial review and to keep agencies within their jurisdiction." *State ex rel. Sacks Bros. Loan Co. v. DeBard* (1978) Ind. App., 381 N.E.2d 119, 122. In *Rivera v.*

*Simmon's Co.* (1973) 157 Ind.App. 10, 298 N.E.2d 477, the Court of Appeals stated:

"[w]ithout a factual foundation for the Board's action a reviewing court must assume the Board's fact finding function by searching the record and by relying on the parties' briefs, to engage in a guessing game as to the 'facts' found by the Board to support its action. The usurpation of the Board's statutory duty is not a legitimate function of judicial review." *Rivera, supra,* 151 Ind.App. at 13, 298 N.E.2d at 479.

In the instant case the trial court had to do exactly what a court should not do when reviewing an agency decision. The court had to rely upon appellees' assertion that the Board's decision was to forbid the stock transfer while there was other evidence that the Board only decided that it would revoke the Flanner & Buchanan operating license if and when the stock transfer was consumated. Although we are remanding this case to the Board for specific findings of fact, we feel compelled to discuss the ultimate issue which was well stated by SCI's attorney during the April 4, 1978, hearing. There it was stated the question is "whether the shareholders of corporations such as Flanner & Buchanan, which own and operate mortuaries in Indiana, may sell their stock to a corporate purchaser such as a subsidiary of SCI, without affecting the right of such corporation to continue to own and operate its mortuaries."

■ Indiana Embalmers & Funeral Directors Act, IC 25–15–1–3, et seq., provides: "It shall be lawful for any persons holding licenses under this act and for anyone associated with them in any such undertaking to form one or more corporations under the laws of this state and which shall hold all the property of every character belonging to or used in such undertaking . . . ."

Under the *definition* section of the act, the term "person" "shall include only natural persons . . . unless the context otherwise provides." IC 25–15–1–4(f) [Burns 1976]. Thus the statute allows only natural persons to form such a corporation. One of

those persons must be a licensed embalmer or funeral director. This interpretation is reinforced by the Indiana General Professional Corporation Act, IC 23–1–13–1 through 11 [Burns 1976]. Under this act only individuals who are licensed to practice the particular profession may organize and become shareholders of a professional corporation. The Embalmers & Funeral Directors Act is found in Title 25 of the Indiana Code. Title 25 covers the law with respect to professions and occupations and the chapter dealing with embalmers and funeral directors falls specifically into the category of professions rather than occupations. It is reasonable to conclude that the Embalmers & Funeral Directors Act is somewhat broader than the general Professional Corporation Act because it allows persons who do not hold an embalmer's or funeral director's license to become shareholders in a corporation which offers such services. However, the shareholders must be natural persons rather than corporate persons.

"All funeral homes or branches of funeral homes operating in the state of Indiana [are] required to apply for a license with the state board of embalmers and funeral directors." IC 25–15–1–9 [Burns 1979]. If FBFH's ownership of stock is considered to be a violation of the statute, the Board could revoke Flanner & Buchanan's operating license under IC 25–15–1–11(b)(10) [Burns 1976]. Therefore, although the Board could not directly prevent the proposed stock transfer, it could indirectly prevent it by informing the potential purchaser that the Board would revoke the mortuary's operating license after the sale was completed.

■ However, at this time this Court is in no position to decide this case on the merits and hold as a matter of law that corporations may not hold stock in corporate funeral homes in Indiana. It is a well-settled principle of law that "an agency's interpretation of the statutory scheme it administers is entitled to judicial deference, . . . ." *City of Evansville v. Southern Ind. Gas. & Elec. Co.* (1976) 167 Ind.App.

472, 496, 339 N.E.2d 562, 578. The Court of Appeals has recently stated that while the "court is not bound by an agency's interpretation of a statute, as we are by its findings of fact, we must give great weight to such an interpretation." *Terre Haute Savings Bank v. Ind. St. Bank* (1978) Ind.App., 380 N.E.2d 1288, 1291. Implicit in this concept is that the agency have the first opportunity to interpret the statute which it is to enforce.

A second principle of administrative statutory construction, possibly operative in this case, is the principle that a long adhered to administrative interpretation subsequent to legislation, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts. *Baker v. Compton* (1965) 247 Ind. 39, 211 N.E.2d 162. It is entirely possible that the Board of Embalmers has allowed corporations to become shareholders in corporate mortuaries. Since we do not know how the agency has interpreted and applied the relevant statutes in the past, we cannot at this time conclusively hold the statutes do not permit a corporation to become a shareholder in a mortuary or funeral home which is organized as a corporation.

We, therefore, remand this case to the trial court with instruction for that court to remand the case to the Board of Embalmers & Funeral Directors for a more succinct statement of its decision, and for findings of fact and reasons sufficient to clarify and support its decision, whatever that decision may be.

All Justices concur.