Benedicto PEREZ, Plaintiff-Appellant,

v.

UNITED STATES STEEL CORPORATION, Defendant-Appellee.

No. 2–880A258.

Court of Appeals of Indiana, Third District.

Feb. 23, 1981.

---

J. B. Smith, Andrew J. Fetsch, Beckman, Kelly & Smith, Hammond, for plaintiff-appellant.

Douglas F. Stevenson, Robert K. Bush, Rooks, Pitts, Fullager & Poust, Chicago, Ill., for defendant-appellee.

GARRARD, Judge.

Benedicto Perez sustained a work related injury while employed by United States Steel Corporation. He processed a claim for workman's compensation and was found by the board to have suffered a compensable 20% permanent partial impairment. This is the second appeal on his claim.

In the first appeal we noted that Perez had claimed *inter alia* that he was permanently totally *disabled.* Our opinion noted the distinction between disability and impairment and that a claim for permanent total disability was cognizable under section 10 of the act. We concluded that because of the distinction between impairment and disability the board's finding of a partial impairment was not sufficient to preclude a finding of total permanent disability. Therefore, since the board made no express finding concerning disability in its original award we remanded for further proceedings. To insure that the question was fairly litigated under the distinctions drawn in our opinion, we directed the board to permit additional evidence on the question of permanent total disability. *Perez v. United States Steel Corp.* (1977), 172 Ind.App. 242, 359 N.E.2d 925.

On remand the board permitted the parties to secure and present additional evidence on the question of disability. It then properly considered this evidence together with that adduced at the original hearing and then concluded that Perez had not established total permanent disability. Accordingly, it reaffirmed the prior award for partial impairment.

In this appeal Perez challenges the sufficiency of the findings and, additionally, urges that the evidence requires the contrary result. We disagree.

The board is required to enter findings of fact upon which its determination is made so that we, as a reviewing court, may intelligently review the award and determine the issues of law that apply to the case. *Transport Motor Express, Inc. v. Smith* (1974), 262 Ind. 41, 311 N.E.2d 424.

In other applications of appellate review of findings we have noted their purpose is to illuminate the reasons for decision and have concluded that they should be found adequate where they are sufficient to disclose a valid factual basis under the issues for the legal result reached. *See, e. g., In re Marriage of Miles* (1977), Ind.App., 362 N.E.2d 171. Within this approach to review we, however, remain convinced that a finding which states merely that "witness A testified that such-and-such occurred" is inadequate as a factual finding that the event indeed did occur. Such a conclusion—that the fact finder believed the witness—is too conjectural. *See Whispering Pines Home for Senior Citizens v. Nicalek* (1975), Ind.App., 333 N.E.2d 324.

In the case before us it is quite true, as Perez points out, that the portion of the board's decision labelled "Findings" makes the bare recitation:

"That Plaintiff is not permanently totally disabled within the definition set forth in the opinion of the Court of Appeals."

Were there nothing more we would be forced to agree with Perez' urging since the statement fails to reveal any factual basis for the conclusion it states. It fails to say why.

However, immediately preceding this statement in that portion of the decision denominated "Summary of Evidence" appears a recitation of what the various medi-

cal witnesses testified to. The recital concludes with the following two sentences:

"In the Board's experience, the medical findings in the evidence in this case, from both Plaintiff's and Defendant's physicians, show that Plaintiff is capable of pursuing many normal kinds of occupations. He has permanent partial impairment, but not a permanent total disability."

■ This, in reality, is the board's finding of fact and it clearly discloses the basis for the board's ultimate conclusion. To the extent that it might be argued that the placement of this statement in the decision should obscure it from our view on appeal, we find a sufficient response in Indiana Rules of Procedure, Appellate Rule 15(E) which directs that no judgment shall be reversed for a defect in form where it appears that the merits of the cause have been fairly tried and determined.

Since the record of the evidence does support a determination by the board that Perez was not permanently totally disabled because he was capable of pursuing many normal kinds of occupations, the findings are not contrary to law and the decision is to be sustained.

Affirmed.

HOFFMAN, P. J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent.

I am unable to agree with the majority's conclusion that the Industrial Board's purported findings of fact are sufficient to enable this Court to conduct an intelligent review of the Board's denial of Benedicto Perez's claim for total permanent disability benefits. Under the guise of Appellate Rule 15(E), the majority concludes that the Board's "Summary of Evidence" (which the majority determined *ipse dixit* to be the Board's findings of fact) presents merely a "defect in form." The purported "defect in form" is in fact a substantive defect which

effectively deprives Perez of his right to adequate review of his claim. The majority's condonation of the Board's perfunctory approach to its fact-finding function will do nothing more than perpetuate the Board's wholesale disregard of the numerous appellate court decisions that have attempted to guide the Board in formulating findings of fact which are sufficient for judicial review.

The Workers' Compensation Act requires an appealable award of the Board to be filed "with the findings of the facts on which [the award] is based . . . ." IC 1976, 22–3–4–7 (Burns Code Ed.). The full Board's award is "conclusive and binding as to all questions of (the) fact . . . ." IC 1976, 22–3–4–8 (Burns Code Ed.). In light of the conclusive nature of the Board's fact-finding function, Indiana courts have required that the Board's findings of fact contain all facts relevant to contested issues and that the findings be specific enough to enable the reviewing court to intelligently review the Board's award. *Indiana Bell Telephone Co., Inc. v. Owens* (1980), Ind. App., 399 N.E.2d 443, 445; *Penn-Dixie Steel Corp. v. Savage* (1979), Ind.App., 390 N.E.2d 203, 205; *Whispering Pines Home for Senior Citizens v. Nicalek* (1975), Ind.App., 333 N.E.2d 324, 326; *TRW, Inc., Ross Gear Division v. West* (1973), 155 Ind.App. 495, 497, 293 N.E.2d 517, 518.

The mere recitation of testimony presented before the Board is insufficient to discharge the Board's statutory duty to make specific findings of fact on contested issues. *Whispering Pines, supra*, 333 N.E.2d at 326. The Board in *Whispering Pines* (and in the present case) submitted purported findings of fact that were direct quotations from the reports and testimony of physicians. Determining that such recitation of testimony presents nothing for judicial review, the court stated:

"[W]hat we have before us in paragraph three is nothing more than a summary of the evidence, without any statement at all by the Board that anything testified to by any of the four witnesses is a fact. Nor can we reasonably assume that the Board is trying to tell us that it found the

facts to be what *all* the witnesses testified they were. There are too many conflicts for that to be so.

"All that we can reasonably understand is that the Board is telling us (by implication) that it does not know how to make a specific finding of facts and therefore it tells us what evidence it considered and leaves it to us to pick out therefrom the specific facts which support its award and to reject those which do not."

333 N.E.2d at 326.

The court attempted to assist the Board in formulating findings of fact by defining a sufficiently specific finding as follows:

"It is a simple, straightforward statement of what happened. A statement of what the Board finds has happened; not a statement that a witness, or witnesses, testified thus and so. It is stated in sufficient *relevant* detail to make it mentally graphic, i. e., it enables the reader to picture in his mind's eye what happened. And when the reader is a reviewing court the statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law."

333 N.E.2d at 326.

The "Summary of Evidence" submitted by the Board as its purported findings of fact on Perez's claim fails to attain the standard of sufficiency established in *Whispering Pines.* The Board provided this Court with a smorgasbord of medical testimony from which it could select a possible factual foundation for the Board's conclusion that Perez was "capable of pursuing many normal kinds of occupations." The majority, apparently finding this feast of testimony appetizing, decided to indulge itself in determining that the medical testimony quoted in the "Summary of Evidence" was true. However, the standard of review under which this Court examines Board awards does not permit such self-indulgence. As Chief Judge Buchanan observed in *Rivera v. Simmons Co.* (1973), 157 Ind.App. 10, 13, 298 N.E.2d 477, 479, "The usurpation of the Board's statutory duty [to make specific findings of fact] is not a legitimate function of judicial review."

Assuming *arguendo* that the Board's "Summary of Evidence" provides a factual foundation sufficient for judicial review, the Board's entry of a negative award on Perez's claim is nevertheless contrary to law. When the Board issues a negative award and thus precludes a claimant from recovering any compensation, the Board's findings of fact must exclude *every* possibility of recovery. *Stoner v. Howard Sober, Inc.* (1954), 124 Ind.App. 581, 592, 118 N.E.2d 504, 509–10; *see also, Jones v. Review Board of Indiana Employment Security Division* (1980), Ind.App., 405 N.E.2d 601, 604–05 (same rule applied to findings of fact of Review Board). In *Stoner, supra,* the court stated that the Board, as a quasi-judicial fact-finding body, has a statutory duty to

"specifically find the facts upon each element essential to support the award, that such failure raises no presumption as to facts not found, and is cause for remanding the case for determination on each of the elements necessary to support the award...."

124 Ind.App. at 587, 118 N.E.2d at 507.

A review of the Board's "Summary of Evidence" reveals that the Board failed to make findings of fact on every essential element of a claim for total permanent disability benefits. This Court enumerated the essential elements of such a claim in *Perez v. United States Steel Corp.* (1977), 172 Ind.App. 242, 359 N.E.2d 925. Judge Garrard, writing for the majority in *Perez,* defined "disability" as an "inability to work." Discussing that concept as it applied to a claim for total permanent disability benefits under § 10 of the Workers' Compensation Act, Judge Garrard stated:

"[T]he principle of § 10 is to provide a fixed amount of recovery for a permanent loss. In this context a provision for permanent disability, i. e., inability to work for the remainder of one's life, naturally carries the connotation of the inability to reasonably earn a livelihood. Accordingly, we adopt Dean Small's defi-

nition of the proof necessary to establish 'permanent total disability' under § 10." 172 Ind.App. at 247, 359 N.E.2d at 928. Dean Small's definition, which Judge Garrard quoted in *Perez,* provides:

> " 'A total disability to be permanent must be one which so destroys or shatters a workman's wage earning capacities as to leave him *unable to resume reasonable types of employment* for the remainder of his life. Since this form of disability is treated in the same section with other harms comprising threats to wage-earning power such as impairments and lost uses, total permanent disability *must be taken to require a greater incapacity than that produced by any other of the scheduled harms.* However, it is not necessary to a showing of total permanent disability that the workman prove an utter inability to do anything with the remains of his body. The believe-it-or-nots demonstrate that even the most hopeless human wrecks have on occasion developed obscure means for obtaining livelihood. It is sufficient if the workman can show that he has been so incapacitated by his injuries that *he cannot carry on reasonable types of employments.* The reasonableness of the workman's opportunities will be measured by his physical and mental fitness for them and by their availability.' (emphasis added) Small, *Workmen's Compensation Law of Indiana,* § 9.4, p. 244."

172 Ind.App. at 245–46, 359 N.E.2d at 927–28; *see also,* 2 Larson, *Workmen's Compensation Law* § 57.11, at 10–6 to 10–7 (1980).

Under *Perez,* the Board must determine if the claimant for total permanent disability benefits is unable to "carry on reasonable types of employment." In making such a determination, the Board must evaluate and make findings of fact on all evidence presented on the claimant's "physical and mental fitness" as well as the availability of reasonable employment opportunities. It is evident that under Dean Small's definition, the measure of the claimant's disability is not limited to a medical evaluation of the claimant's physical impairment or anatomical dysfunction. While the claimant's physical impairment may be inextricably involved in evaluating a total permanent disability claim, it is not the sole factor to be considered. Other nonmedical factors, such as the claimant's age, education, training, skills, and job opportunities, must be weighed by the Board when the claimant presents evidence on such factors. Cases from other jurisdictions support the position that a total permanent disability claim must be evaluated in light of the claimant's ability to secure employment in a competitive labor market and not solely on the extent of the claimant's physical impairment. *Inland Robbins Construction Co. v. Industrial Commission* (1980), 78 Ill.2d 271, 35 Ill.Dec. 778, 399 N.E.2d 1306; *Ruby Construction Co. v. Curling* (Ky.1970), 451 S.W.2d 610; *Whitaker v. Church's Fried Chicken, Inc.* (1980), La., 387 So.2d 1093; *Jensen v. Zook Bros. Construction Co.* (1978), Mont., 582 P.2d 1191; *see also,* 2 Larson, *Workmen's Compensation Law* §§ 57.51, 57.61 (1980); 3 Larson, *supra,* § 79.53, at 15–271 (1980).

In the present case, the Board failed to make specific findings of fact on the nonmedical evidence presented by Perez at the first hearing on his claim. Perez testified that he had a seventh grade education and possessed no vocational skills. He also testified that U. S. Steel's company physician released him to return to his former occupation, but after returning to the work shop that day, a U. S. Steel official terminated his employment. U. S. Steel subsequently placed Perez on a disability pension. Conflicting inferences may be drawn from the evidence recited above. The Board could have inferred that Perez's limited educational and vocational background, when considered with his partial physical impairment and U. S. Steel's refusal to reemploy Perez in any position, rendered Perez unemployable in the competitive labor market. It was also within the Board's discretion to reach the opposite conclusion after weighing the evidence. The Board did neither. It failed to make findings of fact on the nonmedical evidence which may have enti-

tled Perez to disability benefits.[1] Rather, the Board quoted the testimony of two physicians who stated that Perez's physical impairment was not total. These physicians formulated their opinions strictly on a medical examination of Perez. When the physicians testified that Perez could perform other types of employment, they based their opinions solely on a physical evaluation of Perez. They did not consider the nonmedical factors which must be considered when total permanent disability is viewed as a question of law rather than a question of medicine. Judge Garrard recognized this principle of workers' compensation law in *Perez* when he stated that physical impairment is only one factor which must be considered in evaluating a total permanent disability claim. Unfortunately, the Board failed to recognize this principle when it drafted its "Summary of Evidence." The Board relied solely on the medical testimony of two witnesses. It did not address other evidence presented on the claim. Thus, the Board failed to follow the dictates of *Stoner, supra,* and exclude every

possibility of recovery. The Board's entry of a negative award is therefore contrary to law.

The need to evaluate the nonmedical factors discussed above becomes even more compelling when the claimant's primary vocational asset is limited to manual labor because of his lack of formal education. A debilitating injury that limits a manual laborer to light work such as a desk job may render the claimant unemployable. The injured manual laborer is unlike the injured accountant or attorney whose skills are still marketable despite an incapacitating physical injury. It must be remembered that a finding of a total permanent disability is contingent upon the claimant's "inability to reasonably earn a livelihood." *Perez, supra,* 172 Ind.App. at 247, 359 N.E.2d at 928.

The Board does not have a duty to elicit from the claimant evidence that would support a total permanent disability claim. It is a well-established rule that the claimant bears the burden of proving a claim by presenting competent evidence. *Dennison*

---

1. When the Board has failed to make findings of fact on an essential element of a claim, the reviewing court may examine the record to determine if there is a total absence of evidence favorable to that element. Judge Hoffman recently stated:

"The finding of the ultimate fact becomes a question of law for the determination of the reviewing court only where there is no conflict in the evidence and where there can be only one reasonable inference drawn from the evidentiary facts established by the uncontradicted evidence...."

*Joseph E. Seagram & Sons, Inc. v. Willis* (1980), Ind.App., 401 N.E.2d 87, 91. However, if the reviewing court discovers any evidence that supports the element in question either directly or inferentially, the court must terminate its review of the record and remand the case to the Board with instructions that it make specific findings of fact on the essential element.

The per curiam opinion in *Transport Motor Express, Inc. v. Smith* (1972), Ind.App., 289 N.E.2d 737, further clarifies this Court's scope of review when the Board has failed to make findings of fact on essential elements:

"Some negative awards are the lawful and proper result of there being no evidence at all in the record as to some one or more relevant questions of basic fact. In such a case it is impossible for the Board to find either that

such basic fact does exist or that it does not exist, but the Board can and should find that there is no evidence either affirming or negating such fact. If, however, the Board fails to make the appropriate 'no evidence' finding, the reviewing court can affirm such an award without thereby usurping the Board's fact finding authority. To sift the evidence to find that there is *no evidence* of some fact essential to an affirmative award is not to make a finding of fact.

\* \* \* \* \* \*

"But when either an affirmative or negative award comes to a reviewing court based on sufficient evidence, yet evidence [exists] which would sustain a finding of one or more basic facts inconsistent with the award, the court cannot affirm in the absence of an express specific finding of basic facts consistent with and fully sustaining the award. For the court to affirm by assuming that the Board so found is actually for the court to make the finding."

289 N.E.2d at 745–46, n. 10. The Indiana Supreme Court vacated the Court of Appeals' decision on other grounds. *Transport Motor Express, Inc. v. Smith* (1974), 262 Ind. 41, 311 N.E.2d 424. Nevertheless, the lower court's analysis remains persuasive in light of the Supreme Court's observation that the Court of Appeals "correctly stated the law." 262 Ind. at 43, 311 N.E.2d at 425.

*v. Martin, Inc.* (1979) Ind.App., 395 N.E.2d 826, 827. However, once the claimant presents evidence which may provide a factual foundation for a total permanent disability claim, the Board must execute its statutory duty to weigh that evidence and make findings of fact consistent with its ultimate disposition of the claim. The Board neglected to perform this fundamental task in the present case. Rather, the Board found its "Summary of Evidence" as an appropriate medium to criticize this Court's opinion in *Perez v. United States Steel Corp.* (1977), 172 Ind.App. 242, 359 N.E.2d 925, and to chastise Perez for not returning from Puerto Rico to testify at the second evidentiary hearing.

Perhaps, the insufficient findings of fact and the critical comments of this Court and Perez stem from the Board's adoption of U. S. Steel's "Proposed Findings of Fact." While parties before the Board are encouraged to submit proposed findings of fact and conclusions of law, hearing members of the Board must tailor those proposed findings and conclusions to fit the facts actually presented. Verbatim incorporation of one party's findings and conclusions must be done with the awareness that the submitting party often views the evidence presented through the eyes of an advocate rather than through the eyes of an objective, impartial member of the Board. The hearing member must also understand that the parties before the Board sometimes are unaware of the strict specificity required in administrative findings of fact, as was the case of U. S. Steel.

I do not believe that this Court would be exceeding its judicial ambit in asking the Board to competently execute its statutory duty to make specific findings of fact. Perhaps, the Board may respond in defense that the task of making "mentally graphic" findings of fact encrusts its ship with bureaucratic barnacles which impede its navigation of the stygian waters of administrative review. This defense would be without merit. The Board's findings of fact are the polestar for our judicial review. Without them, this Court wanders aimlessly through the record in search of a factual foundation for the awards. This searching of the record usurps the statutory duty of the Board to make findings of fact. Thus, the Board should seize upon every opportunity to make specific findings of fact so that it ensures limited judicial review.

I would remand this case to the Board with instructions that it make specific findings of fact in support of its entry of a negative award on Perez's claim.