Mary Louise AHLES, James E. Baxter, Patrick E. Brown, John A. Fyffe, Phyllis A. Heise, Pamela J. Howard, Susan J. Hudson, William M. Igleheart, Walter A. Julian, Linda Newhart, Carol D. Mooney, Robert D. O'Tain, Joan M. Roberts, Frank L. Staton III, Mary L. Vest, Plaintiffs-Appellants,

v.

Robert D. ORR, Governor of the State of Indiana, Defendant-Appellee.

No. 1–483A106.

Court of Appeals of Indiana, First District.

Nov. 10, 1983.

John Richard Walsh, II, Anderson, for plaintiffs-appellants.

Linley E. Pearson, Atty. Gen., Alfred K.B. Tsang, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Mary Louise Ahles and others (Appellants) appeal the dismissal of their complaint for declaratory judgment pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(1) asserting lack of jurisdiction of the subject matter for failure to exhaust administrative remedies. We reverse.

## FACTS

Appellants are state merit service employees employed by the Departments of Public Welfare in Clark, Clinton, and Vanderburgh Counties. On June 16, 1982, Governor Robert D. Orr (Governor) issued an executive order suspending all salary increases to state employees, including payment of merit increases to state merit service employees effective July 1, 1982. The effect of this order was to deny merit increases which appellants otherwise would have received. Appellants filed this action seeking *inter alia* (a) a declaratory judgment that the Governor's suspension of their merit increases was contrary to law, (b) a declaratory judgment that appellants are entitled to payment of said merit increases. The Governor, by the attorney-general, filed a T.R. 12(B)(1) motion to dismiss asserting lack of subject-matter jurisdiction in the trial court. Specifically, the motion contended appellants had failed to exhaust their administrative remedies claiming appellants were required to resort to the administrative procedures specified in Indiana Code section 4–15–2–35 (The State Personnel Act), and to seek judicial review under The Administrative Adjudication Act (Indiana Code section 4–22–1–1 *et seq.*).[1] The trial court agreed and dismissed the action.

## ISSUE

The issue presented in this appeal, which we have restated, is:

Did the trial court lack subject matter jurisdiction of this action because of the failure of appellants to exhaust administrative remedies?

## DISCUSSION AND DECISION

■ First, we observe that this action is not grounded upon complaints relating to involuntary changes in employment or claimed unsatisfactory working conditions which are the subjects addressed by the administrative procedures prescribed in Indiana Code section 4–15–2–35. Rather, appellants are attacking the legality of an executive order issued by the governor of this state. By its express terms, the governor is not an "agency" subject to the Administrative Adjudication Act. Indiana Code section 4–22–1–2. Under the doctrine of separation of powers, the only branch of government having the power to declare the Governor's executive order invalid as contrary to law is the judiciary. Thus, we do not believe appellants' action is within the purview of the State Personnel Act or the Administrative Adjudication Act and the administrative and judicial review procedures therein prescribed. Appellants, therefore, were not subject to the requirement of exhaustion of administrative remedies prior to instituting this action for declaratory judgment.

■ Even assuming *arguendo* appellants' complaints were within the purview of the administrative procedures which the Governor insists, they still would be relieved from the exhaustion requirement. Well recognized exceptions to the general rule requiring exhaustion of administrative remedies exist where the administrative remedy is inadequate or would be futile. *Porter County Chapter of Izaak Walton League v.*

1. According to the motion to dismiss and to the appellee's brief some, but not all, of the appellants initiated the administrative procedure under IC 4–15–2–35 by filing complaints. None of appellants followed this administrative procedure through to its conclusion and then sought judicial review under the provisions of the Administrative Adjudication Act (IC 4–22–1–1 *et seq.*). Either without commencing the administrative procedures or without completing them, all of appellants joined in bringing this action for declaratory relief.

*Costle,* (7th Cir.1978) 571 F.2d 359, *cert. denied* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978); *Jones v. Blinziner,* (N.D.Ind. 1982) 536 F.Supp. 1181; *Bowen v. Sonnenburg,* (1980) Ind.App., 411 N.E.2d 390; *South Bend Federation of Teachers v. National Education Association,* (1979) 180 Ind. App. 299, 389 N.E.2d 23, *trans. denied; Indiana High School Athletic Association v. Raike,* (1975) 164 Ind.App. 169, 329 N.E.2d 66.

The administrative procedures delineated in Indiana Code section 4–15–2–35 involve presenting a complaint to the employees' immediate supervisor, then to the appointing authority, then to the state personnel director, then to the state employees' appeals commission, and finally to arbitration. None of these officials or agencies has the power to overrule the Governor or to declare his executive order invalid. Plainly, no adequate remedy is provided and resort to such procedures would be futile. Further, judicial review under the Administrative Adjudication Act likewise would be unavailing. Judicial review could accomplish only a remand to the administrative agency for corrective action. *Indiana State Board of Embalmers & Funeral Directors v. Keller,* (1980) Ind., 409 N.E.2d 583; *Aaron v. Review Board of Indiana Employment Security Division,* (1981) Ind.App., 416 N.E.2d 125, *trans. denied.* Remand to an agency which is powerless to effect a remedy is both inadequate and an exercise in futility.

It was error to sustain the motion to dismiss.[2] Reversed and remanded for further proceedings consistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.

2. No issue concerning the merits of appellants' action was before us in this appeal, and we express no opinion as to the merits. Our decision is limited to the issue presented by the T.R. 12(B)(1) motion to dismiss and the ruling thereon.